**OAK DOWNS, Inc., et al. v. WATKINS, Judge.**

No. 11474.

Court of Civil Appeals of Texas. Dallas.

Aug. 1, 1935.

Currie McCutcheon and Vaughan & Work, all of Dallas, for relators.

Martin B. Winfrey and Irving L. Goldberg, both of Dallas, for respondent.

JONES, Chief Justice.

In a suit in a district court of Dallas county, instituted by R. A. (Smoot) Schmid, as a citizen of Dallas county, a temporary injunction was issued against relators, enjoining them from operating the pari-mutuel system of betting in the dog racing sport relators had instituted on their property, specially improved for dog racing events. Relators have perfected an appeal from such order to this court, and have applied for a writ of mandamus to compel the Honorable Royall R. Watkins, as judge of the Ninety-Fifth district court of Dallas county, respondent, the court in which the injunction suit was tried, to fix a supersedeas bond suspending the enforcement of the order, granting a temporary writ of injunction, pending the appeal. In connection with the petition for mandamus, a petition was also filed, praying that this court permit the filing of the mandamus petition, and it is this latter relief that is before this court. The suit in the district court was instituted and the temporary writ of injunction granted, under the terms of article 4667, Revised Civil Statutes.

The temporary writ of injunction was issued after relators had been duly served with notice and after they had appeared in court and accorded a full hearing by the judge of the court. After the court had entered the order, directing the issuance of the temporary writ of injunction, relators moved the court, under the terms of article 4662, to grant them a stay order pending an appeal from the judgment. This motion was denied. Immediately following the denial of this motion, relators filed another motion, requesting the court to fix the amount of a supersedeas bond. This request was also denied. After an appeal from the

order granting the temporary writ of injunction had been perfected to this court, by giving due notice of appeal and by filing the ordinary appeal bond, relators presented a petition to this court for an order staying the temporary writ of injunction pending the appeal. After a hearing, this court denied such request, under the terms of article 4662, R. C. S., which declares: "Such appeal [from an order granting a temporary writ of injunction] shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order." This court regarded such language of article 4662, allowing an appeal from the granting of a temporary writ of injunction, as clothing the trial judge with exclusive discretion in determining the question as to whether the temporary writ of injunction should be stayed pending the appeal, and not to permit an appellate court the exercise of such discretion, and denied the relief sought.

The right to appeal from an interlocutory order granting a temporary writ of injunction is not controlled by the terms of article 2249, R. C. S., as amended by Acts 1927, c. 52 (Vernon's Ann. Civ. St. art. 2249), allowing an appeal from every final judgment in civil cases entered by district or county courts. The appeal in the instant case is authorized by article 2251, R. C. S., which reads: "Appeals from orders of the district and county courts granting or dissolving temporary injunctions shall lie in the cases and in the manner provided in the title 'Injunctions.'"

It therefore appears that, by the terms of article 2251, the matter of an appeal from the granting of a temporary writ of injunction is not given by chapter 12, title 42, dealing with practice in district and county courts, but is placed in title 76, dealing with injunctions. The provisions of said chapter 12 of title 42, allowing appeals from final orders in district and county courts, allowing appeals from the appointing of a temporary receiver and allowing supersedeas bonds in such appeals, are not applicable to an appeal from an order granting a temporary writ of injunction, but such appeal is controlled exclusively by the provisions of article 4662, of the title on injunctions. This article reads: "Any party to a civil suit wherein a temporary injunction may be granted or refused or when motion to dissolve has been granted or over-ruled, under any provision of this title, in term time or in vacation, may appeal from such order or judgment to the Court of Civil Appeals by filing the transcript in such case with the clerk of the said appellate court not later than twenty days after the entry of record of such order or judgment. Such appeal shall not have the effect to suspend the order appealed from unless it shall be so ordered by the court or judge who enters the order. Such case may be heard in the Court of Civil Appeals or Supreme Court on the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below. If the appellant desires to file a brief in said appellate court he shall furnish the appellee with a copy thereof not later than two days before the case is called for submission in such court, and the appellee shall have until the day the case is called for submission to answer such brief. Such case may be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, and shall have priority over other cases pending therein." This article is specific in its terms, which prescribe the manner of taking such an appeal, and also as to the manner in which the order granting a temporary injunction may be suspended pending the appeal.

To appeal from an order granting a temporary writ of injunction, the transcript must be filed within twenty days after the entry of record of the injunction order. The appellate court is required to advance the hearing of the appeal, and there is no specific provision for a supersedeas bond; but it does provide, in effect, that the district judge may suspend the operation of the injunction issued by entering an order to that effect. The Legislature wisely, we think, committed the matter of suspending the operation of a temporary writ of injunction with the discretion of the trial judge, who is thoroughly cognizant of all the existing facts which call for the entry of the order granting such injunction. If, in his discretion, he denies such order, no power is given to this court by mandamus, to compel the trial judge to reverse his action and exercise, in lieu thereof, the discretion of this court.

Learned counsel for relators have filed a very able argument, earnestly insisting that it was the duty of the trial court to fix a supersedeas bond, and specially rely on Houtchens v. Mercer, 119 Tex. 431, 29 S.W. (2d) 1031, 69 A. L. R. 1103, and Shell Petroleum Corporation et al. v. Grays et al., 122 Tex. 491, 62 S.W.(2d) 113, Commission of Appeals. These decisions, in our opinion, do not apply, because the appeal of such

cases was controlled by the provisions of said chapter 12, title 42. The Houtchens Case was an appeal from a final judgment in a district court. That portion of the Shell Petroleum Corporation Case, on which counsel relies, deals with the appointment of a temporary receiver, and neither case is controlled, in any way, by the provisions of article 4662, title 76.

All of these matters are disclosed by the petition for mandamus, and as it affirmatively appears from such petition that relators are not entitled to the issuance of a writ of mandamus, it is our duty to refuse permission to file such petition; and it is so ordered.