**Joe John OWENS et ux., Relators,**

v.

**Hon. Ernest COKER, District Judge, et al., Respondents.**

**No. 6651.**

Court of Civil Appeals of Texas.

Beaumont.

May 30, 1963.

J. Robert Liles, Houston, for relator.

W. C. McClain, Conroe, William S. Clarke, Houston, for respondent.

McNEILL, Justice.

Respondents say this court erred in holding the injunction granted was a permanent one. Though the question is not free from doubt, we believe the decision made was correct. The following additional authorities are cited on the question: Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14, holds that the class into which an injunction falls is determined by the judge's fiat; Ft. Worth Imp. Dist. No. 1 v. City of Ft. Worth, 106 Tex. 148, 158 S.W. 164, 48 L.R.A.,N.S., 994, holds that a judgment granting an injunction is final when it leaves nothing to be further litigated in the case. See also 43 C.J.S. Injunctions § 207, p. 935.

However, since we have held that the injunction granted in No. 6650, Owens v. Texaco Inc., et al., 368 S.W.2d 780 in an opinion this day announced should be modified so that it will be a temporary injunction as urged by relators therein, and, since it is the policy of the law not to grant supersedeas from an order issuing temporary injunction [see Rule 385, Sec. (d)], our former order provisionally issuing mandamus made herein is withdrawn and mandamus is denied. For the reasons explained in this paragraph, the motion for rehearing is granted. Costs of this proceeding are taxed against respondents Texaco Inc., Pitts and Cleveland Realty & Investment Company.

Relators' contention in their answer to respondents' motion for rehearing that the matters complained of are now moot, is overruled. The trial court's approval of supersedeas bond in this case since our original opinion herein does not make the question moot. This conclusion constitutes authority to trial court to expunge from the record approval of the supersedeas bond.