**RALPH WILLIAMS GULFGATE CHRYS-LER PLYMOUTH, INC., Relator,**

v.

**The STATE of Texas et al., Respondents.**

**No. 15613.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Dec. 31, 1969.

Kelley, Ryan & Merrill, Thomas M. Ryan, Firmin A. Hickey, Jr., Houston, for relator.

William A. Olson, City Atty., Homer T. Bouldin, Trial Supervisor, Carol S. Vance, Dist. Atty. of Harris County, Neil McKay, First Asst. Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, for respondents.

BELL, Chief Justice.

This is an original proceeding whereby relator seeks a writ of mandamus requiring the Judge of the 157th District Court to fix a supersedeas bond or alternatively that this Court issue its writ of injunction staying the effectiveness, pending disposition of appeal, of a temporary injunction issued by the trial court. We granted leave to file and held a conference submission. After submission we orally announced our decision refusing the relief prayed for. We now state more about the nature of the proceedings and the reasons for our decision.

The trial court on December 16, 1969, rendered judgment temporarily enjoining relator from selling or offering for sale on both the two consecutive days of Saturday and Sunday any of the items of merchandise listed in Section 1 of Article 286a, Vernon's Annotated Texas Penal Code. The trial court also refused to fix a supersedeas or to stay the issuance of the writ of injunction.

Relator first contends it is entitled to have issuance of the writ of injunction superseded by the posting of a supersedeas bond. Its appeal is from a judgment awarding a temporary injunction. An appeal from such a judgment does not have the effect of suspending the judgment unless ordered by the trial court. Rule 385 (d), Texas Rules of Civil Procedure; Owens et ux. v. Coker et al., Tex.Civ.App., 368 S.W.2d 959 (CCA–Beaumont); Oak Downs, Inc. et al. v. Watkins, Tex.Civ. App., 85 S.W.2d 1100 (CCA–Dallas). It being discretionary with the trial court to allow supersedeas, we may not mandamus the judge to allow it. No rule or statute allows supersedeas in this type of case as a matter of right.

Relator asks us to issue our own order staying the effect of the injunction pending appeal, its theories being these:

1. A Court of Civil Appeals has authority to issue such writs as are necessary to protect its own jurisdiction.

2. The Court has authority to issue writs to preserve the status quo.

3. Under its equitable powers the Court has authority to issue its injunction to pre-

vent irreparable loss, and relator is suffering loss that it cannot recoup.

This Court does have authority to issue writs necessary to protect its jurisdiction. Article 1823, Vernon's Ann.Tex. Civ.St.; Lee v. Lee, Tex.Civ.App., 355 S.W. 2d 255 (CCA–Houston 1st). However, in this case our jurisdiction over the subject matter of the appeal will in nowise be affected by our refusal to stay the effectiveness of the injunction. The injunction will remain in effect and we can review the action of the trial court in granting it.

Courts of Civil Appeals have only such original jurisdiction as is conferred by statute. We have been given no authority to issue writs merely to preserve the status quo or to prevent loss pending appeal. Madison v. Martinez, Tex.Civ. App., 42 S.W.2d 84 (CCA–Dallas), ref.; Nelson v. Blanco Independent School District, Tex.Civ.App., 386 S.W.2d 636 (CCA–Austin).

Mandamus denied.

Injunction denied.