**WESWARE, INCORPORATED, Relator,**

v.

**Honorable Thomas D. BLACKWELL, Judge of the 167th Judicial District Court of Travis County, Respondent.**

No. 12012.

Court of Civil Appeals of Texas, Austin.

Oct. 25, 1972.

Stephen M. Orr, Mitchell, Yeakel, Orr & Trickey, Austin, for relator.

Crawford C. Martin, Atty. Gen., Van Thompson, Jr. and Thomas A. Fry, III, Asst. Attys. Gen., Austin, for respondent.

O'QUINN, Justice.

In this original proceeding Wesware, Incorporated, seeks a writ of mandamus to compel the Judge of the 167th District Court to fix a supersedeas bond staying effectiveness during appeal of a temporary injunction issued by the trial court.

The Attorney General of Texas, in the name of the State of Texas, brought suit against Wesware, Incorporated, in the public interest under authority granted by Article 5069–10.04, Vernon's Ann.Tex.Civ. Sts., pursuant to a civil investigative demand under Chapter 10, Title 79, relating to consumer protection and deceptive trade practices. The Attorney General alleged as ground for the suit that Wesware was engaged in deceptive practices in the conduct of a trade or commerce as defined by Article 5069–10.01, and declared unlawful by Article 5069–10.02, of Chapter 10, Title 79.

After hearing held September 8, 1972, the trial court on September 11 entered judgment temporarily enjoining relator from using certain described marketing plans and sales programs and from operating plans and programs in which financial gains to the participants are dependent upon the continued and successive recruitment by first participants of other and additional participants. The judgment provided that the "temporary injunction shall remain in effect until final hearing in this cause or until further order" of the trial court.

Wesware filed its motion to stay issuance of the writ of injunction and for fixing an amount of a supersedeas bond. The trial court refused to stay the order or to fix a supersedeas.

Relator contends that the trial judge "should be compelled to set a Supersedeas Bond in the Appeal of Wesware, Incorporated v. State of Texas because the Temporary Injunction in the case at bar is in substance a Permanent Injunction." Relator argues, "Other than the fact that the

Temporary Injunction was granted prior to a full hearing on the merits Relator is at a loss to make any distinction between a permanent and temporary injunction in this case and challenges the State to make a distinction."

■ An appeal from a judgment awarding a temporary injunction does not have the effect of suspending the judgment unless ordered by the trial court. Rule 385(d), Texas Rules of Civil Procedure; Oak Downs v. Watkins, 85 S.W.2d 1100 (Tex.Civ.App. Dallas 1935, no writ); Owens v. Coker, 368 S.W.2d 959 (Tex.Civ. App. Beaumont 1963, no writ); Ralph Williams Gulfgate Chrysler Plymouth, Inc. v. State, 449 S.W.2d 139 (Tex.Civ.App. Houston 1st, no writ). Since the trial court may within its discretion refuse to allow supersedeas, and no rule or statute allows supersedeas as a matter of right in appeal from a temporary injunction, the appellate court may not by mandamus require the trial judge to permit supersedeas. Ralph Williams Gulfgate Chrysler Plymouth v. State, *supra,* 449 S.W.2d 139, 140.

■ Relator contends that the State "prayed for a Permanent Injunction in exactly the same terms as it prayed for a Temporary Injunction," and that the trial court granted the State "all the relief that could possibly be granted after a full trial on the merits." Relator urges that the facts and law of this case are indistinguishable from Owens v. Coker, 368 S.W. 2d 777 (Tex.Civ.App. Beaumont 1963, no writ), in which the appellate court held that the effect of the injunction was permanent and appellant was entitled to supersede the judgment.

In Owens v. Coker suit was brought to restrain Owens and his wife from "going on or remaining upon a certain acre of land." Owens asserted by answer that he and his wife were owners of the land and were rightfully entitled to possession. The trial court restrained Owens and his wife from entering upon or remaining in possession of the premises "until they shall have

shown themselves the rightful owners thereof." In deciding that such order constituted a permanent injunction, as opposed to temporary restraint, the appellate court pointed out, "If defendants [Owens et ux.] shall later prove title in themselves to the land, the injunction ceases; if not, it is a permanent one. There is nothing further plaintiffs can or need do about it. Though defendants have the option of bringing a cross-action in trespass to try title in the present case, *this is in substance the beginning of another law suit."* (Emphasis added.) (368 S.W.2d 780, col. 2)

Unlike the facts in Owens v. Coker, in the case before us either party may insist upon a hearing on the merits, when it can be determined whether the injunction should become permanent. At a trial on the merits Wesware will be able to present such defenses it deems available to prevent the State from enforcing the provisions of Chapter 10, Title 79, against the particular business practices conducted by Wesware. Every defense available and every issue raised under the facts may be tried in the same lawsuit brought by the Attorney General, without the necessity of a separate suit or a cross-action amounting to another suit.

The facts of this case are similar to the facts of Ralph Williams Gulfgate Chrysler Plymouth v. State, *supra,* in which the appellate court refused to compel the trial judge by mandamus to grant a supersedeas. In that case relator was enjoined temporarily from selling or offering for sale on both of two consecutive days of Saturday and Sunday any merchandise listed in Article 286a, Sec. 1, of Vernon's Annotated Texas Penal Code. In the case before us relator has been temporarily enjoined from conducting a "pyramid sales scheme," one of the practices made unlawful by Article 5069–10.01 et seq., of Chapter 10, Title 79, V.A.C.S.

The Attorney General, in behalf of the trial judge on appeal, contends that relator does not come with clean hands in seeking relief in equity from the action of the trial

court. In view of our disposition of relator's petition, by which we refuse the relief prayed for, we do not reach the issue of relator's right to seek suitable relief.

Relator's petition for writ of mandamus is denied.

Mandamus denied.