**Galvin Mayo BECKER, Appellant,**

v.

**Gary Michael BECKER, et al., Appellees.**

**No. 18083.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 1, 1981.

Rehearing Denied Oct. 22, 1981.

Soape, Foster, Halla & Craft, Carl Halla, Jr., Houston, for appellant.

Barnet B. Skelton & Assoc., Barnet B. Skelton, Jr., Houston, for appellee.

WARREN, Justice.

This is an appeal from a temporary injunction prohibiting appellant from erecting improvements on land in which appellant and appellees own undivided interests.

The main question presented is whether the trial court abused its discretion in granting the injunction. We hold that it did not.

Appellees Gary and Clay Becker each own a ⅛ undivided interest in a 334 acre tract of land in Waller County. Appellant, who is their father, owns the remaining interest. A dispute arose between the parties concerning the land and during the early part of 1981, appellant's lawyer wrote appellees two letters, which follow:

Dear Gary:

.    .    .    .    .

As trustee, and effective immediately, you are hereby respectfully requested to refrain from going on or about the ranch property. In the event that you insist on making use of the ranch premises, appropriate legal action will of necessity be forthcoming.

Dear Clay:

Your father's 334 acres has been re-surveyed as of the last few days and within the next few days it will be fenced in its entirety. Additionally, a site for your father's home, barn and pool is being prepared and a water well and electric service is presently being installed on the premises. Please refrain from going on or about your father's land.

If you persist in your position as same related to the Deed of Life Estate, your father stands ready, willing and able to set out and partition to you the undivided interest which he gave you several years ago.

Before these letters were sent appellant attempted to get appellees to execute a Deed of Life Estate to their respective undivided interests. Shortly after the receipt of these letters, appellees filed a suit for partition and ancillary thereto sought a temporary injunction restraining appellant from "commencement or continuation of the erection of any improvements of whatever kind on the 334 acre tract of land."

At the hearing on the temporary injunction, testimony was adduced showing that appellant intended to construct a home, a barn, and a swimming pool and erect a fence around the entire 334 acre tract. The cost of these improvements would have totalled $125,000. Gary Becker testified that the construction of the improvements would make it difficult for him and his brother to assert any rights to that portion of the land if it were awarded to them.

Appellant contends that the trial court erred in granting the temporary injunction because (1) the appellees failed to demonstrate a right to the injunctive relief, (2) such relief constitutes a denial of the legal rights of appellant to use and enjoy the property, (3) appellees have available and are pursuing their adequate legal remedy (partition), (4) the injunctive relief alters rather than preserves the status quo, and, (5) the granting of the injunction was an abuse of discretion.

■ It is settled that appellate review of an order granting or denying a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). The trial court's order must be sustained if there is any evidence to sustain the findings. *Norris of Houston v. Gafas*, 562 S.W.2d 894 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Since no findings of fact or conclusions of law were filed in our case the temporary injunction must be upheld on any legal theory supported by the record. *Davis v. Huey*, supra.

■ The trial court could have inferred from the evidence presented that appellant was attempting to oust appellees from the entire tract or that he was attempting to oust them from a specific portion of the tract. Evidence also indicated that the building of the improvements would be tantamount to an appropriation of the premises upon which they were to be located and that the building of the improvements by appellant probably would worsen the position of appellees upon partition.

■ Although a tenant in common may construct improvements and even es-

tablish a homestead on land held in common, these rights are subservient to the rights of the co-owner to use the whole and to demand partition. *Sayers v. Pyland,* 139 Tex. 57, 161 S.W.2d 769 (1941). Since the rights asserted by appellant were subordinate to those appellees are seeking to enforce, the granting of the injunction would not constitute a denial of appellant's rights.

Appellant next contends that the granting of the injunction was improper because appellees have and are pursuing their adequate legal remedy of partition.

 Appellant's argument is that since the court has such broad powers to adjust the equities in a suit for partition, that remedy is fully protective of their rights so the injunction is unnecessary and improper. Although the argument is in principle correct, when applied to our facts, it is lacking. The term "adequate remedy at law" means a remedy which is as practical and efficient to the ends of justice and its prompt administration as is the remedy in equity. *Sumner v. Crawford,* 91 Tex. 129, 41 S.W. 994 (1897) Lowe, 6 Texas Practice, Remedies § 113 (1973). Without injunctive relief to the appellees, appellant could construct the improvements and upon partition put appellees to the election of receiving other parcels of the tract which they might consider less desirable. Their alternative would be to pay appellant for improvements which they opposed, in order to receive the land on which the improvements were located. The legal remedy would not be as complete or as adequate as the equitable remedy.

 Appellant further claims that the injunction alters rather than preserves the status quo. He argues that his use of the property is lawful, uncontested, peaceable and does not interfere with the rights of appellees. We disagree. Appellees vigorously contest appellant's attempt to place improvements on the property which they claim could adversely affect their rights in the property. "Status quo" has been defined as the last actual, peaceable, noncontested status which preceded the pending controversy. *Janus Films, Inc. v. City of Ft. Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962). To allow a home and swimming pool to be constructed would undeniably alter the status of the parties in a partition suit and the "status quo" as it pertains to the land involved in this suit.

We find no abuse of discretion in the granting of the temporary injunction.

Affirmed.

EVANS and DOYLE, JJ., also sitting.