Gary Michael BECKER, et al., Relators,

v.

Galvin Mayo BECKER, Respondent.

No. 01–82–0516–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1982.

Barnet B. Skelton, Houston, for relators.

John F. Ensle, Houston, for respondent.

Before EVANS, C. J., and WARREN, J.

OPINION

EVANS, Chief Justice.

The relators have filed a motion in this court seeking an injunction pending disposition of their appeal. The motion is denied.

Relators appeal from a final judgment in a partition suit which they instituted against the respondent, their father, in the District Court of Waller County. In that action they sought to have partitioned and set apart to them an undivided one-fourth interest in a 334 acre tract of land and to enjoin their father from making improvements on the property during the pendency of the proceedings. The trial court granted a temporary injunction which this court affirmed. *Becker v. Becker,* 623 S.W.2d 757 (Tex.App.—Houston [1st] (1981). After a final hearing on the merits, the trial court instructed a verdict against the relators on their claim that the report of the appointed Commissioners was erroneous, and it awarded specific parcels of the tract to the respective parties in accordance with the Commissioners' recommendation. The trial court's judgment continued the injunction in effect for a period of twenty days following the date of entry of judgment, so that the injunction expires on July 8, 1982.

According to the allegations in relators' application for injunctive relief filed in this court, the respondent intends to build a house, barn, and swimming pool on the property and will do so unless restrained by this court's order. It is relators' contention that if the respondent is permitted to make such improvements before disposition of the appeal, this would result in a destruction of the subject matter of the litigation and prevent this court's decree from being carried into effect.

 This court is empowered to grant injunctive relief for the purpose of protecting its jurisdiction over a pending appeal and to preserve the subject matter of the litigation so that its decree will be effective. *Riverdrive Mall Inc. v. Larwin Mortgage Investors,* 515 S.W.2d 2 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.); *Nance v. Robertson,* 588 S.W.2d 802 (Tex.Civ.App.— Houston [14th Dist.] 1979, no writ). Thus, injunctive relief may be granted by this court if a failure to do so would result in the appeal becoming moot and the subject matter being destroyed. *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579 (Tex.Civ.App.—Corpus Christi 1975, no writ). On the other hand, this court does not have jurisdiction to issue a writ of injunction merely for the purpose of preserving the status quo or to prevent loss or damage to one of the parties during the appeal. *Ralph Williams Gulfgate Chrysler Plymouth Inc. v. State,* 449 S.W.2d 139 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *Pace v. McEwen,* 604 S.W.2d 231 (Tex.Civ.App.—San Antonio 1980, no writ).

In the instant case the relators contend that if respondent is allowed to build elaborate improvements on the land pending the appeal, he will have "staked his claim" to that portion of the tract with the highest ground, best view, and greatest overall aesthetic appeal and that the essential characteristics of the land, as it existed when the Commissioners made their appraisal and report, will be "radically and indelibly altered". Thus, relators argue that the evidence adduced at trial "will no longer bear any relation to reality" and, therefore, that this court will be denied the alternatives available to it in the event it determines that the trial court's judgment should be reversed.

As indicated by relators in their brief, the intermediate appellate courts of this state have typically granted injunctive relief to restrain the sale of property in litigation pending an appeal. *Cf. Irving Bank & Trust Co. v. Second Land Corp.,* 544 S.W.2d 684 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.); *Pendleton Green Associates v. Anchor Savings Bank,* supra; *Riverdrive Mall Inc. v. Larwin Mortgage Investors,* supra. Relators concede that the land in question will still be owned by the parties after disposition of their appeal, but they argue that once the proposed improvements have been constructed, they will no longer be in a position to have a jury pass on the facts as presented at the last trial, so that the subject matter of the litigation will, in effect, no longer exist.

 It has been held that a co-tenant, by virtue of his title to an undivided interest in the land, has a legal right to place improvements on the common property, so

long as such improvements may be used and enjoyed without injury or detriment to the interests or rights of the other co-tenants. *Gose v. Burnett,* 60 S.W.2d 886 (Tex.Civ. App.—Texarkana 1933, writ ref'd). In a partition proceeding, the trial court has the power to adjust all equities between the parties, *Sayers v. Pyland,* 139 Tex. 57, 161 S.W.2d 769 (1942), and it may award the improvements to the party who made them, if that can be fairly done, or it may, if necessary, divide the property into shares of an equal value and adjust the difference by owelty. *Bouquet v. Belk,* 376 S.W.2d 361 (Tex.Civ.App.—San Antonio 1964, no writ). Thus, if relators should be successful in their appeal, this court and the trial court will have ample authority to grant appropriate relief to the parties regardless of whether such improvements are made before final disposition of the appeal.

The relators motion for leave to file the application for injunctive relief is denied.