Criminal Case Template






COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: LINZELL BROWN,


 Relator.



§


§


§


§


§


No. 08-03-00092-CV


AN ORIGINAL PROCEEDING


MEMORANDUM OPINION

 Relator Linzell Brown seeks a writ of injunction requiring certain prison officials
to transfer him to a medical facility. For the reasons explained below, we deny the
petition.

Background 

 Brown sued the prison officials, seeking damages for their failure to provide him
with adequate medical care. The trial court granted the defendants' motions to dismiss on
the ground that Brown failed to comply with Chapter 14 of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon
2002) (providing restrictions for inmate litigation). Brown has appealed the dismissal. 
We recently extended the time for the filing of the appellees' brief to April 16, 2003.

Discussion

 Brown asks us to order the prison officials to transfer him to a medical facility
while the appellees are preparing their brief. He claims that he will be irreparably harmed
if he is not transferred because he may become paralyzed. He has not provided any proof
to support this claim and his petition is not verified.

 We have jurisdiction to issue writs necessary to enforce the jurisdiction of this
Court. Tex. Gov't Code Ann. § 22.221(a) (Vernon Supp. 2003). Thus, we may issue a
writ of injunction only to preserve the subject matter of a case pending appeal and to
prevent the appeal from becoming moot. EMW Mfg. v. Lemons, 724 S.W.2d 425, 426
(Tex. App.--Fort Worth 1987, orig. proceeding); Becker v. Becker, 639 S.W.2d 23, 24
(Tex. App.--Houston [1st Dist.] 1982, orig. proceeding). We do not have jurisdiction to
issue a writ of injunction to preserve the status quo or to prevent damage to one of the
parties during the appeal. EMW Mfg., 724 S.W.2d at 426; Becker, 639 S.W.2d at 24.

 Brown's petition does not indicate that a writ of injunction is necessary to protect
our jurisdiction; it only asserts that the writ is necessary to prevent damage to Brown
pending the appeal. This is insufficient to invoke our jurisdiction.

 Even if we had jurisdiction to issue the writ under these circumstances, Brown's
petition is insufficient. It is unverified and does not contain a record to support the claim
of damage. See Tex. R. App. P. 52.3.


Conclusion

 Accordingly, the petition for writ of injunction is denied.


 SUSAN LARSEN, Justice

March 27, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.