Criminal Case Template



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

 )
 No. 08-03-00481-CR

IN RE: VICTOR BUSTOS, SR.
)
 

)
 AN ORIGINAL PROCEEDING

 Relator.
)


)
 FOR WRIT OF

)


)
 MANDATORY INJUNCTION

)



O P I N I O N



 Relator Victor Bustos, Sr. seeks a writ of mandatory injunction to compel the trial court to
grant him a new trial. We have jurisdiction to issue writs necessary to enforce the jurisdiction of this
court. Tex.Gov't Code Ann. § 22.221(a)(Vernon Supp. 2004). Thus, we may issue a writ of
injunction only to preserve the subject matter of a case pending appeal and to prevent the appeal
from becoming moot. EMW Mfg. Co. v. Lemons, 724 S.W.2d 425, 426 (Tex.App.--Fort Worth 1987,
orig. proceeding); Becker v. Becker, 639 S.W.2d 23, 24 (Tex.App.--Houston [1st Dist.] 1982,
orig. proceeding). The mandate issued in Relator's appeal on July 18, 2003. See Bustos v. State, No.
08-00-00518-CR, 2002 WL 31677183 (Tex.App.--El Paso Nov. 27, 2002, pet. ref'd)(not designated
for publication). Because no appeal is pending in this court, Relator is not entitled to a writ of
injunction. 

 This is Relator's second attempt to overturn his conviction by way of an original proceeding
in this court. See In re Bustos, No. 08-03-00416-CR, 2003 WL 22220362, at *1 (Tex.App.--El Paso
Sept. 25, 2003, orig. proceeding)(not designated for publication). Relator's conviction is final. 
Therefore, this court does not have authority by way of any writ or process to overturn Relator's
conviction. See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991).

 The petition for writ of mandatory injunction is denied.



January 8, 2004 /s/ Justice Ann Crawford McClure 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)