Opinion issued November 23, 2009










In The

Court of Appeals

For the

First District of Texas

____________


NOS. 01-09-00765-CV

 01-09-00766-CV

 01-09-00767-CV

____________


IN RE ALBERT R. MORRIS, Relator






Original Proceedings on Petitions for Writs of Injunction






MEMORANDUM OPINION Relator Albert R. Morris has filed petitions for writs of injunction directed
against respondents American Home Mortgage Servicing, Inc. (case number
01-09-00765-CV), the Honorable Ben W. Childers, judge of the County Court at Law
No. 1 (case number 01-09-00766-CV), and the Honorable Dianne Wilson, Fort Bend
County Clerk (case number 01-09-00767-CV), seeking to enjoin the respondents from
executing on an August 19, 2009 judgment for possession of a residence. See Am.
Home Mortgage Servicing, Inc. v. Morris, No. 09-CCV-039965 (Co. Ct. at Law No.
4, Fort Bend County, Tex. Aug. 19, 2009). In a separate matter before our Court,
Morris has also appealed the trial court's August 19, 2009 judgment. See Morris v.
Am. Home Mortgage Servicing, Inc., No. 01-09-00768-CV (Tex. App.--Houston [1st
Dist.] Aug. 28, 2009) (notice of appeal filed).

 A court of appeals may grant injunctive relief for the purpose of protecting its
jurisdiction over a pending appeal and to preserve the subject matter of the litigation
so that the appeal does not become moot. See Dallas Morning News v. Fifth Court
of Appeals, 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding); Becker v. Becker,
639 S.W.2d 23, 24 (Tex. App.--Houston [1st Dist.] 1982) (orig. proceeding); see also
Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004) ("Each court of appeals or a
justice of a court of appeals may issue a writ of mandamus and all other writs
necessary to enforce the jurisdiction of the court."). 

 Morris has not established that enjoining the issuance of a writ of possession
is necessary to protect this Court's jurisdiction over the appeal and preserve the
underlying property so that the appeal does not become moot. The petitions do not
ask this Court to restrain a sale of the underlying property. If Morris should be
successful in his appeal, this Court and the trial court will have ample authority to
grant appropriate relief to the parties. There being no threat to our jurisdiction over
the appeal, the remedy available to Morris to prevent enforcement of the judgment is
supersedeas. See Tex. R. App. P. 24.1(f).

 Accordingly, we dismiss the petitions for writs of injunction for want of
jurisdiction.


PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Massengale.