**Opinion issued December 17, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01011-CV

————————————

## IN RE VINCENT PAUL YOUNG, JR., Relator

---

## Original Proceeding on Petition for Writ of Injunction

---

## MEMORANDUM OPINION

Relator, Vincent Paul Young, Jr., has petitioned this Court for a writ of injunction.[1] In the petition, Relator states that the respondent, Pro Player Funding, LLC, is attempting to collect on a judgment rendered in the State of New York and

---

[1] The underlying case is *Pro Player Funding, LLC v. Vincent Young*, cause number 2012-58323, pending in the 281st District Court of Harris County, Texas, the Honorable Sylvia Matthews presiding.

domesticated in Texas.[2] Relator requests that we enjoin "Plaintiff Pro Player Funding, LLC and its officers, agents, servants, employees, independent contractors, attorneys, representatives, and those persons or entities in active concert or participation with them, from proceeding in any manner with the collection efforts, pending the disposition of the merits of the appeal in No. 01-13-00843-CV."

The issuance of an extraordinary writ, such as a writ of injunction, is not authorized when there is another adequate remedy. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989); *In re Patel*, No. 01-13-00330-CV, 2013 WL 3422026, at *1 (Tex. App.—Houston [1st Dist.] July 2, 2013, orig. proceeding). In this case, Relator could prevent enforcement of the judgment against him during the pendency of his appeal by either superseding the judgment in accordance with Texas Rule of Appellate Procedure 24.1 or showing "that an appeal from the foreign judgment is pending or will be taken, that the time for taking an appeal has not expired, or that a stay of execution has been granted, has been requested, or will be requested" and proving that he "has furnished or will furnish the security for the satisfaction of the judgment required by" the State of New York. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 35.006(a) (West 2008);

---

[2] Relator has separately appealed the domesticated order under appellate cause number 01-13-00843-CV.

2

TEX. R. APP. P. 24.1. Accordingly, we are not authorized to grant the relief requested.

Further, the "purpose of a writ of injunction is to enforce or protect the appellate court's jurisdiction." *In re Olson*, 252 S.W.3d 747, 747 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *see Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ). Here, Relator contends that "collection efforts will destroy the subject matter of the lawsuit and will render moot the appeal from the trial court's judgment." The judgment is the domesticated order, which grants a monetary judgment in favor of Respondent and against Relator. Relator fails to demonstrate how execution of a monetary judgment would "destroy the subject matter of the lawsuit" or otherwise render his appeal moot. Accordingly, the relief requested by Relator is not, as he suggests, necessary to preserve this Court's jurisdiction over his appeal. *See Becker*, 639 S.W.2d at 24 (holding that court has jurisdiction to grant injunctive relief to protect its jurisdiction over pending appeal and to preserve subject matter of litigation, but not to preserve status quo or prevent loss or damage to party).

Accordingly, the petition for writ of injunction is **denied**.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

3