**Opinion issued June 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00497-CV

———————————

## IN RE GEORGE E. RISNER, Relator

---

## Original Proceeding on Petition for Writ of Injunction

---

### MEMORANDUM OPINION

On June 23, 2014, relator, George E. Risner, the Democratic nominee for the office of Harris County Justice of the Peace, Precinct 2, Place 2, filed a petition for writ of injunction and an emergency motion for temporary relief in this Court.[1] *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004); TEX. R. APP. P. 52.1, 52.3,

---

[1] The underlying case is *The Honorable George E. Risner v. Harris County Republican Party and Jared Woodfill, Chair*, cause number 2014-02621, in the 269th District Court of Harris County, Texas, the Honorable Don Burgess presiding.

52.10.  In the petition, Risner asks this Court to issue a writ of injunction prohibiting "the Harris County Republican Party and its Chair, Paul Simpson[2], and their successors, officers, agents, servants, employees, attorneys, and those in active concert or participation with them, from certifying Leonila Salazar's name for the November 2014 General Election Ballot as the Republican nominee for the office of Harris County Justice of the Peace, Precinct 2, Place 2."  We deny Risner's petition and his request for temporary relief.

## Background

Real party in interest, Leonila Salazar, filed an application for a place on the Harris County Republican Party's primary ballot for the position of Harris County Justice of the Peace for Precinct 2, Place 2 on December 6, 2014.  The Harris County Republican Party accepted Salazar's application and certified her name to be placed on the primary ballot on December 13, 2013.

On January 21, 2014, Risner filed an "Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions" in the trial court.  In his petition, Risner contended that numerous signatures on the petition accompanying Salazar's application for a place on the ballot were not valid and that her petition contained less than the requisite 250 valid signatures.

---

2       According to the petition, Paul Simpson has now succeeded Jared Woodfill as the Chair of the Harris County Republican Party.

2

*See* TEX. ELEC. CODE ANN. § 172.021(e) (West Supp. 2013). Risner therefore argued that the Harris County Republican Party and Jared Woodfill, as the party's then-Chair, violated the Election Code by certifying Salazar's name for inclusion on the ballot. Risner requested the issuance of a temporary restraining order, a temporary injunction, and a permanent injunction prohibiting "Woodfill and the Harris County Republican Party from placing the name of Olivares-Salazar on the Republican primary ballot or certifying her name for the general election ballot as the Republican nominee for the office of Harris County Justice of the Peace, Precinct 2, Place 2."

Risner and Salazar were both unopposed in their respective primaries.[3]

Risner received a majority of the votes cast for Harris County Justice of the Peace, Precinct 2, Place 2 in the Democratic Party Primary Election and Salazar received a majority of the votes cast for Harris County Justice of the Peace, Precinct 2, Place 2 in the Republican Party Primary Election.

The trial court issued an "Order on Temporary Injunction" on April 23, 2014. In the order, the trial court "enjoin[ed] Defendants Harris County

---

[3] Risner contends in his petition that both Risner and Salazar "were unopposed candidates in the Democratic and Republican primaries, respectively." Because it is relevant to a determination of our jurisdiction and is capable of accurate and ready determination by resort to the Harris County Clerk's election division website, we take judicial notice that Risner and Salazar were unopposed in their primaries. *See* TEX. GOV'T CODE ANN. § 22.220(c) (West Supp. 2013); TEX. R. EVID. 201; *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012); *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ).

3

Republican Party and its Chairman, Jared Woodfill, and their successors, officers, agents, servants, employees, attorneys, and those in active concert or participation with them, from certifying Leonila Salazar's name for the November 2014 General Election Ballot as the Republican nominee for the office of Harris County Justice of the Peace, Precinct 2, Place 2."

On June 11, 2014, the trial court issued its final judgment, denying Risner's request for a permanent injunction, granting a request by Salazar to "cure her defective application," and ordering "the Harris County Republican Party and the Chairperson of the Harris County Republican Party . . . to certify Leonila Olivarez-Salazar's name for inclusion on the November 4, 2014 general election ballot." The trial court then stayed its order requiring Salazar's name to be certified, stayed "the dissolution, if any, of the Court's modified temporary injunction," and prohibited Salazar's name from being certified until after 12:59 p.m. on July 2, 2014. Finally, the trial court authorized Risner to suspend enforcement of its judgment by posting security in an amount of $1,000.00. *See* TEX. R. APP. P. 24.2(a)(3).

Risner timely appealed from the trial court's judgment on June 20, 2014.

## Analysis

This Court has authority to issue writs of injunction if necessary to enforce its jurisdiction or to preserve the subject matter of an appeal. *See* TEX. GOV'T CODE ANN. § 22.221(a); *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992); *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ). This Court may not, however, issue an injunction merely to preserve the status quo pending appeal. *See Becker*, 639 S.W.2d at 24.

In his petition, Risner contends that this appeal will become moot unless we issue a writ of injunction, because "the Chair will be able to certify Salazar for the ballot" after the trial court's stay expires on July 2, 2014.

Contrary to Risner's contention, his appeal will not be rendered moot absent injunctive relief. Both Risner and Salazar were unopposed in their primaries and, absent injunctive relief, they will face each other in the November general election. Further, there is time to resolve Risner's appeal and prepare ballots before the November general election. "Issuance of an injunction at this point would not interfere with the November general election. The only limitation on the authority to grant injunctive relief is the election schedule itself." *Sachtleben v. Bennett*, No. 14-10-00322-CV, 2010 WL 3168395, at *2 (Tex. App.—Houston [14th Dist.] Aug. 12, 2010, no pet.) (mem. op.) (citing *In re Gamble*, 71 S.W.3d 313, 318 &

n.17 (Tex. 2002)). Accordingly, Risner's appeal is not now moot, nor will it be rendered moot if Salazar's name is certified for the November 2014 general election ballot. *See id.* at *2; *Triantaphyllis v. Gamble*, 93 S.W.3d 398, 406–07 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also In re Angelini*, 186 S.W.3d 558, 561 (Tex. 2006) ("As both Angelini and Bustamante are unopposed in their respective primaries, there should be ample time before the general election in November for a trial court to make its findings, and for any appellate review to be conducted first in the court of appeals rather than this Court."); *Fitch v. Fourteenth Court of Appeals*, 834 S.W.2d 335, 337 (Tex. 1992) (determining that controversy was not moot despite fact that primary election had occurred); *Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 608 (Tex. App.—El Paso 2012, pet. denied) ("We disagree with the City Clerk's assertion that the issues are moot because the petitions have been certified.").

Further, the trial court's temporary injunction prohibits Salazar's name from being certified for the November 2014 general election ballot. The trial court issued a temporary injunction on April 23, 2014, which prohibited the certification of "Salazar's name for the November 2014 General Election Ballot" and did not specify any terms under which the temporary injunction would expire. *See* TEX. R. CIV. P. 683. The trial court's final judgment states that "the dissolution, if any, of the Court's modified temporary injunction [is] hereby STAYED," grants Risner

6

the ability to supersede the judgment, fixes the amount of security at $1,000.00, and states that the "security Plaintiff has already tendered in conjunction with the Court's issuance of the temporary injunction shall constitute the security for this supersedeas." *See* TEX. R. APP. P. 24.1, 24.2(a)(3). Therefore, the temporary injunction is still in force, because Risner has timely filed a notice of appeal and, by virtue of the trial court's order stating that the security Risner tendered for the temporary injunction shall constitute the security for the supersedeas, has posted the required security. *See Trice v. State*, 712 S.W.2d 842, 852–53 (Tex. App.—Waco 1986, writ ref'd n.r.e.); *G&R Invs. v. Nance*, 588 S.W.2d 804, 805 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Dallas Cowboys Football Club, Inc. v. Harris*, 348 S.W.2d 37, 40 (Tex. App.—Dallas 1961, no writ). Accordingly, Risner has an adequate remedy by way of appeal, and we are not authorized to grant the relief requested. *See Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989); *In re Young*, No. 01-13-01011-CV, 2013 WL 6670861, at *1 (Tex. App.—Houston [1st Dist.] Dec. 17, 2013, orig. proceeding) (mem. op.).

## Conclusion

Based on the foregoing, we deny the petition for writ of injunction and the emergency motion for temporary relief.

7

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.