ACCEPTED
03-15-00285-CV
5828646
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 3:39:16 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00285-CV

_____

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/25/2015 3:39:16 PM
JEFFREY D. KYLE
Clerk

_____

**VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI OF AMERICA, INC.,**
*Appellants*,

v.

**JOHN WALKER III, in his Official Capacity as Chairman of the Texas Department of Motor Vehicles Board, and the HONORABLE MICHAEL J. O'MALLEY, and the HONORABLE PENNY A. WILKOV, in their Official Capacities as Administrative Judges for the State Office of Administrative Hearings,**
*Appellees*.

_____

**On Appeal from the 353rd District Court, Travis County, Texas**

_____

**JOHN WALKER, III'S RESPONSE TO APPELLANT'S REQUEST FOR EMERGENCY RELIEF**

_____

| | |
|---|---|
| **KEN PAXTON**<br>**Attorney General of Texas** | **DENNIS M. MCKINNEY**<br>**Assistant Attorney General**<br>**State Bar No. 13719300** |
| **CHARLES E. ROY**<br>**First Assistant Attorney General** | **OFFICE OF THE TEXAS ATTORNEY GENERAL**<br>**ADMINISTRATIVE LAW DIVISION** |
| **JAMES E. DAVIS**<br>**Deputy Attorney General for**<br>**Civil Litigation** | **P.O. Box 12548**<br>**Austin, Texas 78711-2548**<br>**Telephone: (512) 475-4020**<br>**Facsimile: (512) 320-0167** |
| **DAVID A. TALBOT, JR.**<br>**Chief, Administrative Law Division** | **dennis.mckinney@texasattorneygeneral.gov**<br>*Attorneys for John Walker III* |

TO THE HONORABLE JUSTICES OF THE COURT:

**I.**

On June 15, 2015, Appellant Volkswagen Group of America, Inc., and Audi of America, Inc., ("Audi") filed its Verified Motion for Temporary Relief to Protect the Court's Jurisdiction. In said Motion, Appellant seeks, pursuant to the Texas Rules of Appellate Procedure 29.3 and 43.6, to have certain State Office of Administrative Hearings ("SOAH") proceedings and potential further Texas Department of Motor Vehicles ("TxDMV") Board action based upon those SOAH proceedings enjoined so as to protect the jurisdiction of this Court. Appellee John Walker, III, files this response in opposition to the granting of the relief requested in Appellant's Motion.

Granting of temporary relief under Rule 29.3 is improper in this matter because that particular provision of the Rules of Appellate Procedure applies to interlocutory appeals only. Tex. R. App. P. 29.3. This case involves the appeal of final judgments dismissing the case in its entirety, therefore Rule 29.3 is inapplicable. Likewise, Rule 43.6 speaks to orders relating to final judgments of the Court, not interlocutory injunctive orders such as the one sought here. Tex. Rule App. P. 43.6.

While Texas Government Code section 22.221 gives an appellate court authority to issue writs to enforce its jurisdiction, no injunction should issue

if the party seeking it has an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). An appellate remedy is adequate even though it may involve delay and more expense than obtaining the temporary relief Audi seeks. *In re Masonite Corp.*, 997 S.W.2d 194 (Tex. 1999). As explained below, Audi has adequate appellate remedies that will not be negated by the actions sought to be enjoined, therefore injunctive relief is improper.

## II.

The temporary relief sought by Audi amounts to nothing more than a reheated attempt to obtain the injunctive relief denied by the trial court. At the trial court level, Audi sought temporary restraining orders seeking to enjoin all further actions in the administrative process pending the outcome of its suit alleging *ultra vires* acts by the Appellees. That relief was denied. Audi then sought a temporary injunction of the administrative process but the trial court granted Appellants' pleas to the jurisdiction and dismissed the case. That dismissal led to this appeal. Audi filed its Notice of Appeal on or about May 8, 2015, yet did not seek injunctive relief until some five weeks later. Nothing has transpired since the filing of the Notice of Appeal that created any exigent circumstances for Audi that might necessitate such relief at this time.

This Court has the inherent power to grant injunctive relief to preserve its jurisdiction. Tex. Gov't Code § 22.221 (West 2004); *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, no writ). However, the Court should not exercise such discretionary power just because Audi requests it. For example, the Court does not have the jurisdiction to issue orders merely to preserve the status quo or to prevent loss or damage to a party pending the outcome of the appeal. *In re Gruebel,* 153 S.W.3d 686 (Tex. App.—Tyler 2005, no pet.); *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, no writ). Audi alleges that its claims may be mooted by actions of the Appellees before this appeal is resolved but in reality that is mere speculation and a bit unrealistic. If the administrative process is allowed to move forward then SOAH must issue its Proposal for Decision and TxDMV must take action on it. *See Smith v. Abbott*, 311 S.W.3d 62, 69 (Tex. App.—Austin 2010, pet. denied). (It should be noted that Audi may very well prevail at the administrative level if that process is allowed to proceed in due course.) Once the Board issues its final order, if adverse to Audi, a motion for rehearing will be filed. If that motion is denied Audi has its right to seek judicial review of TxDMV's actions. *See* Tex. Gov't Code § 2001.174. Any order of the district court affirming the action of the TXDMV is appealable to

4

this Court. *See Smith,* 311 S.W.3d at 71. Audi clearly has an adequate appellate remedy so that injunctive relief is inappropriate.

This appeal challenges the granting of pleas to the jurisdiction filed by Appellees. It is only tangentially related to the actions being taken by SOAH and TxDMV. Any temporary relief requested of this Court should be related to the subject matter of this appeal. *Pendleton Green & Assocs. v. Anchor Sav. Bank,* 520 S.W.2d 579, 582 (Tex. App.—Corpus Christi 1975, no writ). Nothing that might happen in the administrative process will in any way affect the jurisdiction of this Court to rule on whether the trial court erred in granting Appellees' pleas to the jurisdiction. The most favorable final relief Audi can obtain from this Court is an order remanding the case to the district court. Audi cannot seek to have its allegations concerning whether Appellees committed ultra vires acts adjudicated in this proceeding. *See Madison v. Martinez,* 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). This Court should not be expected to weigh in on the validity of Audi's allegations beyond that necessary to determine whether the trial court erred in granting the pleas to the jurisdiction. Whether or not the Appellees acted incorrectly at the administrative level should be left to be decided in a suit for judicial review after a final order of the board is issued.

**III.**

Further, the granting of temporary relief as requested by Audi in this case is inappropriate because Audi has its legal remedy in the form of judicial review at the district and appellate court levels after the TxDMV takes action on any Proposal for Decision issued by SOAH. Audi seeks an order of the Court enjoining that legal remedy. The existence of this legal remedy makes injunctive relief by this Court improper. *See Madison*, 42 S.W.2d at 86. This Court only has authority to grant injunctive relief if it can be shown that the subject matter of the appeal will be destroyed absent such injunction. *Pendleton*, 520 S.W.2d at 582. Injunction is not proper merely to preserve the status quo pending appeal. *Becker*, 639 S.W.2d at 24. The existence of the legal remedy of judicial review of an agency order provides Audi with a right of appeal, ultimately to this Court if it desires, and vitiates Audi's request for temporary relief from this Court. The dispute will not be mooted by any actions that might be taken by the Appellees. A case is moot when a court's actions will no longer affect the rights of the parties. *In re Smith*, No. 10-03-390-CV, 2004 WL254079 (Tex. App.—Waco Feb. 11, 2004, no pet.). In that case the Court stated that temporary relief was not appropriate because any action taken during the pendency of the appeal could be reversed on appeal. Here, Audi will still be able to pursue its appeal of the granting of the

jurisdictional appeals in this case. Additionally, Audi will also have the right to seek judicial review of any final order issued by TxDMV. Tex. Gov't Code § 2001.174. Audi can pursue every claim it makes in this suit after the TxDMV issues its final order and should not be attempting to enjoin that process. *See Smith*, 311 S.W.3d at 71.

**IV.**

Audi's suit is based in part on allegations that Walker acted *ultra vires* in ordering the matter remanded to SOAH for the taking of additional evidence and the SOAH Defendants' reopening the matter after it was remanded by TxDMV. However, it is clear that Walker and the SOAH Defendants did not act *ultra vires*, therefore, they are protected by the doctrine of sovereign immunity and were properly dismissed by the trial court. *Coastal Habitat Alliance v. Pub. Util. Comm'n*, 294 S.W.3d 276 (Tex. App.—Austin 2009, no pet.). *Ultra vires* acts must either involve actions that exceed that state official's authority or involve a refusal to perform a purely ministerial act. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). Suit for *ultra vires* acts will not lie when an official is required to exercise his or her discretion in the performance of his or her duties. *See id.* Here, all of Audi's claims for declaratory relief are premised on alleged *ultra vires* acts involving the Board's decision to remand the administrative case to SOAH for

7

consideration of additional evidence. Audi claims that the Board has exceeded its authority by remanding the matter to SOAH for further evidence. Clearly, the actions of Walker and the Board in the administrative process did not exceed their statutory authority in as much as TxDMV is granted exclusive jurisdiction over all aspects of the distribution and sale of motor vehicles in the State of Texas, including original jurisdiction to determine its own jurisdiction. Tex. Occ. Code § 2301.151 (West 2012). TxDMV is further vested with authority to regulate the sales of dealerships and dealership/manufacturer disputes. Tex. Occ. Code §§ 2301.359, .360, .458. *See also Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 156 S.W.3d 91 (Tex. App.—Austin 2004, pet. denied). In all disputes between manufacturers and dealers wishing to sell their dealerships, the Legislature has given the Board the unambiguous authority to rule on all issues. Tex. Occ. Code §§ 2301.359, .360, .458. The Board's remand order in this case cannot be *ultra vires* since it relates directly to the dispute over the sale of the Audi dealerships in question. An action is *ultra vires* only when an agency issues an order completely outside its statutory jurisdiction or "without any authority whatsoever." *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519 (Tex. App.—Austin 2002, pet. denied), *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89

8

(1984). Mistakes or errors in procedure in the exercise of the Board's authority do not render the Board's action *ultra vires*. *Friends of Canyon Lake*, 96 S.W.3d at 528; *Coastal Habitat Alliance,* 294 S.W.3d at 285. Even assuming *arguendo* that the Board made a mistake in issuing such order, it had clear statutory jurisdiction to rule on the dispute. Tex. Occ. Code §§ 2301.359, .360, .458. It is not ultra vires for an agency to incorrectly interpret the law. *Coastal Habitat Alliance*, 294 S.W.3d at 285; *N. Alamo Water Supply Corp. v. Tex. Dep't of Health*, 839 S.W.2d 455, 458-59 (Tex. App.—Austin 1992, writ denied). Further, rulings in the administrative process necessarily involve the exercise of statutory discretion by the agency officials, so the *ultra vires* exception to the doctrine of sovereign immunity is not implicated. *See Coastal Habitat Alliance*, 294 S.W.3d at 285.

Any mistakes in procedure at the administrative level can be rectified in a suit for judicial review. Audi seeks to enjoin the administrative process (its legal remedy) before there is a final order by TxDMV. This action is inappropriate because the trial court cannot obtain jurisdiction until Audi has exhausted its administrative remedies and those remedies are not exhausted until a final agency order is issued. *See Lindsay v. Sterling*, 690 S.W.2d 560 (Tex. 1985). Accordingly, the trial court properly dismissed Walker from the

suit for lack of subject matter jurisdiction and there is no basis for the issuance of the temporary relief requested.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellee Walker respectfully requests that this Court deny Audi's Motion for Temporary Relief, and such other and further relief to which Appellee may be entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law
Division

*/s/ Dennis M. McKinney*
Dennis M. McKinney
Assistant Attorney General
State Bar No. 13719300
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4020
Facsimile: (512) 320-0167
dennis.mckinney@texasattorneygeneral.gov
***Attorneys for Appellee Walker***

10

**CERTIFICATE OF COMPLIANCE**

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 1,932 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

<u>*/s/ Dennis M. McKinney*</u>
Dennis M. McKinney
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **25th day of June, 2015:**

Shawn Stephens
James P. Sullivan
1100 Louisiana Suite 4000
Houston, Texas 77002
Sstephens@kslaw.com
jsullivan@kslaw.com
Fax 713-751-3290
***Attorneys for Appellants***

Billy M. Donley
Mark E. Smith
811 Main Street, Suite 1100
Houston, Texas 77002-6111
bdonley@bakerlaw.com
mesmith@bakerlaw.com
Fax 713-751-1717
***Attorney for Appellants***

Kimberly Fuchs
Assistant Attorney General
Texas Attorney General's Office
P.O. Box 12548
Austin, Texas 78711
kimberley.fuchs@texasattorneygeneral.gov
*Attorney for Defendants the Honorable Michael J. O'Malley and the Honorable Penny A. Wilkov, in their Official Capacities as Administrative Law Judges for the State Office of Administrative Hearings*

J. Bruce Bennett
Cardwell, Hart & Bennett
807 Brazos Suite 1001
Austin, Texas 78701
jjb.chblaw@abcglobal.net
Fax 512-322-0808

William R. Crocker
807 Brazos Suite 1014
Austin, Texas 78701
crockerlaw@earthlink.net
Fax 512-474-2540
*Attorneys for Appellees*
*Ricardo M. Weitz, et al*

*/s/ Dennis M. McKinney*
Dennis M. McKinney
Assistant Attorney General