**Opinion issued January 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00797-CV

————————————

## IN RE THE HONORABLE LONNIE COX, JUDGE OF THE 56TH DISTRICT COURT OF GALVESTON COUNTY, Relator

---

## Original Proceeding on Petition for Writ of Injunction

---

## MEMORANDUM OPINION

Relator, the Honorable Lonnie Cox, Judge of the 56th District Court of

Galveston County, has filed a petition for a writ of injunction directed against

respondents,[1] alleging that they have "conducted a campaign of economic coercion

---

[1]     Respondents are the Honorable Mark Henry, County Judge of Galveston County; the Honorable Ryan Dennard, Galveston County Commissioner, Precinct One; the Honorable Joe Giusti, Galveston County Commissioner, Precinct Two; the Honorable Stephen Holmes, Galveston County Commissioner, Precinct Three; the Honorable Ken Clark, Galveston County Commissioner, Precinct Four; Robert

against employees of the Galveston County Department of Justice Administration" and threatened their employment to force them to abandon their current jobs, dismantle the department, and moot the related appeal filed by respondent, the Honorable Mark Henry, County Judge of Galveston County, in *The Honorable Mark Henry, County Judge of Galveston County v. The Honorable Lonnie Cox, Judge of the 56th District Court of Galveston County*, No. 01-15-00583-CV, 2015 WL 9412758 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet. h.). Relator asserts that a writ of injunction is necessary to prevent respondents from "destroying or impeding the jurisdiction of this court in Case No. 01-15-00583-CV and to prevent actions—reassignment or replacement of Justice Administration employees to non-judicial posts—which would violate the Temporary Injunction below [and] make the appellate controversy moot."

A court of appeals may grant injunctive relief for the purpose of protecting its jurisdiction over a pending appeal and to preserve the subject matter of the litigation so that the appeal does not become moot. *See Dall. Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding); *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982) (orig. proceeding) (appellate court has jurisdiction to grant injunctive relief to protect its jurisdiction over pending appeal, but not merely to preserve status quo or prevent

Boemer, Director, Galveston County Legal Department; and Peri Bluemer, Director, Galveston County Department of Human Resources.

loss or damage to party); *see also* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.").

The Court has rendered judgment and issued an opinion in the appeal in cause number 01-15-00583-CV. Moreover, respondents, in their response filed six days after relator filed his petition for injunctive relief, advised the Court that the Galveston County Commissioners Court had "convened a special meeting and voted to budget" for the positions at issue "in accordance with the Judges' appointment," and there was "no danger" of the employees at issue "being fired by the members of the Commissioners Court."

We dismiss the petition for writ of injunction as moot. We dismiss any pending motions as moot.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Brown.

3