## EMW MANUFACTURING COMPANY, Relator,

v.

## Paul LEMONS, Respondent.

### No. 2–86–251–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 28, 1987.

Cowles & Thompson, Geoffrey C. Graham, Dallas, for relator.

Bishop, Payne, Lamsens & Brown, Andrew C. Brassey, Fort Worth, for respondent.

Before FENDER, C.J., and BURDOCK and HOPKINS, JJ.

## OPINION

FENDER, Chief Justice.

Relator, EMW Manufacturing Company, brings this original proceeding for a temporary injunction. EMW asks this court to enjoin execution of a default judgment rendered against EMW and for respondent,

Paul Lemons, on October 16, 1985, while its appeal of the trial court's denial of EMW's petition for bill of review is pending. Such appeal has been duly filed and is currently pending in this court.

Lemons obtained a default judgment against EMW which he tried to execute against EMW's California assets. EMW requested and received a California order temporarily enjoining the execution. EMW then brought a petition for bill of review in the trial court below and, in conjunction therewith, a motion for temporary injunction which was denied. EMW took an interlocutory appeal of the injunction denial. Before such appeal was heard by this court, however, the trial court denied EMW's petition for bill of review and EMW voluntarily dismissed the appeal of the injunction denial. In its stead, EMW now appeals the denial of the petition for bill of review and, in conjunction therewith, makes this original petition for temporary injunction pending this court's decision in the bill of review appeal. This court granted EMW a temporary injunction on November 25, 1986, on the condition that EMW post a $200,000 bond in Lemons' favor. The bond has been posted. The injunction was to be operative until a final decision in this petition for injunction was made by this court.

EMW argues that a temporary injunction is necessary to protect this court's jurisdiction of the matter appealed and to preserve the status quo pending disposition of the appeal. Failure to order the injunction, EMW continues, would render a decision in EMW's favor on the appeal ineffective and moot because the default judgment which is the subject of the bill of review would already be executed upon and satisfied. EMW argues further that the possibility of seeking restitution in the future should not be considered by this court since a claim for restitution is a separate cause which would not affect the court's jurisdiction, while execution of the judgment would destroy the subject matter of the appeal and render a decision in EMW's favor on the appeal ineffective.

■■ It is well settled that an appellate court is authorized to protect its jurisdiction by preserving the subject matter of the appeal in order to make its decrees effective. *See, e.g., Reyes v. Atkins,* 619 S.W.2d 26, 27 (Tex.Civ.App.—Fort Worth, 1981, no writ); *Dawson v. First National Bank of Troup,* 417 S.W.2d 652, 653 (Tex. Civ.App.—Tyler 1967, no writ); *Madison v. Martinez,* 42 S.W.2d 84, 86 (Tex.Civ.App.— Dallas 1931, writ ref'd). *See also* TEX. GOV'T CODE ANN. sec. 22.221(a) (Vernon Pamph.1987). On the other hand, this court does not have the power to issue a writ of injunction merely to preserve the status quo pending appeal. *Becker v. Becker,* 639 S.W.2d 23, 24 (Tex.App.— Houston [1st Dist.] 1982, no writ); *Ralph Williams Gulfgate Chrysler P., Inc. v. State,* 449 S.W.2d 139, 141 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ). Nor does this court have the power to grant a temporary injunction to prevent damage to an appellant. *Pace v. McEwen,* 604 S.W.2d 231, 233 (Tex.Civ.App.—San Antonio 1980, no writ). The power to grant a temporary writ of injunction to prevent damages which would otherwise flow to a litigant who has an appeal pending rests exclusively with the district judge. *Wolf v. Young,* 275 S.W.2d 741, 745 (Tex.Civ.App.—San Antonio 1955, no writ); *Madison,* 42 S.W.2d at 86. The court in *Madison* explained:

[I]f the effect of the refusal of the district court to continue in force the temporary restraining order theretofore granted would result only in damages or inconvenience to appellants, leaving the subject-matter of the appeal in such a condition that the judgment of this court could effectively operate thereon, then this court would be without jurisdiction to grant such relief, because its jurisdiction over the subject-matter of the appeal would not be invaded. [Cites omitted.]

*Id.*

It has been held in many cases that where an original petition for writ of injunction is brought pending the appeal of the trial court's denial of a similar injunction, the appellate court should issue the writ to protect its jurisdiction over the ap-

peal. *See, e.g., Reyes,* 619 S.W.2d at 27; *Dawson,* 417 S.W.2d at 653; *Madison,* 42 S.W.2d at 86. The subject matter of such an appeal is whether the trial court properly refused to grant the requested temporary injunction. *Pendleton Green Associates v. Anchor Savings Bank,* 520 S.W.2d 579, 582 (Tex.Civ.App.—Corpus Christi 1975, no writ) (per curiam). Granting the injunction preserves the subject matter of the appeal and the effectiveness of the court's decision on the appeal should the relator prevail. *See id.*

Where, however, the matter on appeal is the denial of a petition for bill of review, it has been held that an original petition to enjoin the execution of the judgment which is the subject of the bill of review should be denied. *See West Flour Mill, Inc. v. Vance,* 456 S.W.2d 481, 481–82 (Tex.Civ. App.—Waco 1970, no writ). The subject matter of such an appeal is whether the trial court properly denied the bill of review. Any property against which the judgment might be enforced is not the subject matter of the appeal. *See* Siskind, *Bill of Review—The Last Chance,* 20 S.Tex.L.J. 237, 251 (1979–80).

 Should this court sustain EMW's appeal, we could do no more than remand the case for a new trial. In the meantime, execution of the judgment would not render the bill of review appeal moot or affect this court's ability to hear the appeal. The sole purpose for granting an injunction under these circumstances would be to maintain the status quo or prevent damages which would otherwise flow to the litigant pending appeal. We have no authority to issue the writ under these circumstances.

Originally, EMW brought an interlocutory appeal of the trial court's injunction denial as authorized by the law. *See* TEX. CIV.PRAC. & REM.CODE ANN. sec. 51.-014 (Vernon 1986). As the discussion above indicates, had that appeal been pending before this court, the original petition for injunction made here could have been granted. The subject matter of that appeal was the propriety of the trial court's injunction denial. Execution of the judgment on EMW's California assets while that appeal was pending would render a decision in appellant's favor ineffective because there would no longer be anything to enjoin, and would make the question of the appropriateness of the court's denial moot, no matter how this court decided. So long as that injunction denial was on appeal, we could stay execution on those assets to preserve our jurisdiction over the appeal and the effectiveness of our decision, regardless of what that decision might eventually be. The writ cannot be granted, however, because EMW voluntarily dismissed the interlocutory appeal it had pending. By doing so, EMW effectively withdrew from this court the question of the propriety of the trial court's injunction denial. The interlocutory appeal appears to be EMW's exclusive means of bringing the trial court's denial of injunction before this court. *See Farley v. Clark Equipment Company,* 484 S.W.2d 142, 150 (Tex.Civ. App.—Amarillo 1972, writ ref'd n.r.e.). *Cf. Carlton v. Bos,* 281 S.W.2d 131 (Tex.Civ. App.—Beaumont 1955, no writ) (appointment of receiver cannot later be attacked when application was uncontested and no appeal taken therefrom); *Archer v. Ross,* 262 S.W.2d 213 (Tex.Civ.App.—Fort Worth 1953, no writ) (where order appointing receiver is not appealed before judgment becomes final, appellate court will presume it was proper); *Harbert v. Owen,* 26 S.W.2d 670 (Tex.Civ.App.—Eastland 1930, no writ) (propriety of issuance of writ of mandamus is moot question when no appeal is taken directly therefrom). Accordingly, this court has no authority to issue the writ of injunction and it is denied.