COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| JOHN MICHAEL DUNCAN, | | No. 08-10-00309-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 126th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Travis County, Texas |
| | § | |
| Appellee. | | (TC # D-1-GV-10-000555) |
| | § | |

## MEMORANDUM OPINION ON MOTION

This matter is before the Court on "Appellant's Motion for Review of Adequacy of Security to Stay Execution, for Temporary Orders, and Injunctive Relief." For the reasons that follow, the motion will be denied.

## FACTUAL SUMMARY

In June 2009, in trial court cause number D-1-GV-07-000716, John Michael Duncan and the State of Texas entered into an agreed judgment, which required Duncan to pay over $170,000 to the State. At the same time, the parties entered into a judgment payment agreement through which the State would forgive all but $76,172.72 of the judgment amount if Duncan would make monthly payments of $1,500 until the reduced amount was paid in full. There is a dispute between the parties as to whether Duncan complied with this agreement. The State attempted to execute on the agreed judgment by obtaining a writ of execution to sell the two condominiums owned by Duncan. After receiving a partial payment from Duncan, the State did not go forward with the sale.

In May 2010, in trial court cause number D-1-GV-10-000555, the State filed an application for writ of garnishment, seeking to recover on the agreed judgment by garnishing Duncan's funds

on deposit with JP Morgan Chase Bank. As required by the garnishment statutes, the application was supported by an assistant attorney general's affidavit stating, "Within the Plaintiff's knowledge, debtor does not possess property within this state that is subject to execution and that is sufficient to satisfy the judgment." *See* TEX.CIV.PRAC.&REM.CODE ANN. § 63.001(2)(B)(West 2008). Duncan asserted counterclaims for wrongful garnishment, declaratory judgment, and breach of contract. The trial court granted a judgment of garnishment, ordering that the deposited funds be paid to the State once the judgment becomes final. This judgment of garnishment is the subject of this appeal.

Duncan filed an appellate brief raising several issues. Among other things, he challenges the trial court's finding that the State did not have knowledge of assets that were subject to execution and that would be sufficient to satisfy the agreed judgment. After Duncan's brief was filed, the State once again obtained a writ of execution for the two condominiums. They are currently scheduled to be sold on May 3, 2011. The trial court denied Duncan's motion to stay the execution sale and to determine that the garnished funds operate as a supersedeas bond for the appeal.

Duncan now seeks relief from this Court. In his motion, Duncan asks us to review the adequacy of the garnished funds to serve as security and to issue a writ of supersedeas staying the execution sale. He argues that the judgment is adequately secured by the garnished funds on deposit with the bank. He contends that the execution sale will interfere with the jurisdiction of this Court and render the pending appeal moot. Duncan also argues that the State is attempting to achieve a double recovery by selling the condominiums and garnishing the deposited funds.[1] Finally, he believes that it is unfair for the State to levy on the condominiums after obtaining the garnishment

---

[1] The State concedes that it is only entitled to one recovery. But at this point, it has not actually attained the funds on deposit or the proceeds from the condominiums. How it obtains its recovery will depend on the results of the pending appeal and the execution sale.

judgment on the ground that he did not have assets subject to execution that would satisfy his debt.

**RULE 24**

Duncan brings his motion pursuant to Rule 24.4 of the Texas Rules of Appellate Procedure. Rule 24 sets out the procedures for superseding a judgment when that judgment is being appealed. Generally, enforcement of the judgment will be suspended pending appeal only if the judgment debtor provides adequate security or the judgment creditor agrees to suspend enforcement. *See* TEX.R.APP.P. 24.1. The rule allows an appellate court to review a trial court's ruling regarding the adequacy of security and to issue any temporary orders necessary to preserve the parties' rights while undertaking the review. *See* TEX.R.APP.P. 24.4(a), (c).

Rule 24 has no application here. By its terms, the rule allows the enforcement of a judgment to be suspended "pending appeal." TEX.R.APP.P. 24. There is no pending appeal from the original agreed judgment. In fact, that judgment has never been appealed. Since the original agreed judgment is final, Duncan cannot supersede it now by posting security, and the State may enforce it by any means allowed by law. The State is attempting to enforce it both by levying on the condominiums and by garnishing the funds deposited with the bank.

Rule 24 also does not apply to the garnishment judgment. Although there is a pending appeal from that judgment, there is no dispute about the adequacy of security to supersede it. The garnishment judgment is in effect being secured by the funds that are still being held by the bank pending appeal. The State has forsworn executing on the garnishment judgment. It is not attempting to execute on the garnishment judgment by levying on the condominiums. Instead, as noted above, the State has levied on the condominiums to enforce the original agreed judgment.[2]

**INJUNCTIVE RELIEF**

---

[2] The Notice of Constable's Sale specifically references cause number D-1-GV-07-000716.

Duncan asks us to stay the execution sale. We may issue an injunction only if it is necessary to enforce our jurisdiction, to preserve the subject matter of an appeal, or to prevent an appeal from becoming moot. *Mathis v. Barnes*, 316 S.W.3d 795, 808-09 (Tex.App.--Tyler 2010, pet. filed); *see also* TEX.GOV'T CODE ANN. § 22.221(a)(West 2004). We cannot issue an injunction to preserve the status quo, for equitable reasons, or merely to protect a party from damage pending appeal. *Mathis*, 316 S.W.3d at 809; *Gibson v. Waco Indep. Sch. Dist.*, 971 S.W.2d 199, 204 (Tex.App.--Waco 1998), *vacated on other grounds*, 22 S.W.3d 849 (Tex. 2000); *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex.App.--Fort Worth 1987, no writ).

The execution sale will not interfere with this Court's jurisdiction over the appeal from the garnishment judgment. It does not affect the subject matter of the appeal, which is whether the trial court erred in denying Duncan's counterclaims and granting the application for garnishment. Our decision regarding Duncan's counterclaims will affect whether he recovers damages from the State. Our mandate on these issues can be carried into effect regardless of the sale of the condominiums. As for the garnished funds, it is possible that the parties will agree not to pursue this appeal if the sale satisfies all of Duncan's debt to the State. But that does not mean that the sale itself will render the appeal moot. *Cf. Riner v. Briargrove Park Property Owners, Inc.*, 858 S.W.2d 370, 370 (Tex. 1993)(holding that the involuntary payment of a judgment, as through execution, does not moot an appeal).

A somewhat similar factual scenario was presented in *West Flour Mill, Inc. v. Vance*, 456 S.W.2d 481 (Tex.Civ.App.--Waco 1970, no writ). There, Vance obtained a final judgment against West Mill. *West Flour Mill*, 456 S.W.2d at 481. After Vance began executing on the judgment and a notice of sheriff's sale issued for West Mill's property, West Mill filed a petition for bill of review to reinstate the earlier case for purposes of perfecting an appeal from the judgment. *Id.* When the

trial court denied West Mill's request for a temporary injunction, West Mill appealed and filed an original proceeding for writ of injunction. *Id.* In the original proceeding, the appellate court held that it had "no jurisdiction to enjoin the Sheriff from levying execution on a judgment that has not been superseded, is not on appeal, and has become final." *Id*. at 481-82; *see also EMW Mfg. Co.*, 724 S.W.2d at 426-27 (refusing to grant an injunction under similar circumstances). The same is true here.

Duncan expresses concern about the State's changing positions concerning the condominiums, but this concern is not properly before us at this juncture. Having concluded that Rule 24 is not implicated and that our jurisdiction is not threatened, we have no authority to enjoin execution on the original agreed judgment. Therefore, this opinion should not be construed to express any view, favorable or unfavorable, regarding the propriety of the execution sale.

Duncan's "Motion for Review of Adequacy of Security to Stay Execution, for Temporary Orders, and Injunctive Relief" is denied.

April 20, 2011

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.