

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00258-CV

IN RE 1707 NEW YORK AVE., LLC                                    RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 352-271175-14

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Relator 1707 New York Ave., LLC filed a petition for writ of injunction and a motion for emergency relief seeking to enjoin respondent, the City of Arlington, from demolishing apartment buildings known as La Joya Arlington Apartments and located at 1707 and 1708 New York Avenue, Arlington, Tarrant County, Texas, during the pendency of 1707 New York's appeal of the trial court's judgment dismissing its suit against the City for lack of jurisdiction. We requested a response from the City and granted 1707 New York's request for

----

[1]See Tex. R. App. P. 47.4.

emergency relief. After reviewing 1707 New York's petition, the City's response, and 1707 New York's reply, we grant the petition for injunctive relief to preserve this court's jurisdiction over the subject matter of the appeal.

**Background Facts**

In early 2013, a municipal court issued a judgment finding that the La Joya Apartments were "dangerous buildings" and authorized the City to demolish the buildings if they were not repaired. *See* Arlington, Tex., Code of Ordinances, Construction, art. XVI, § 16.03–.06 (2013) (defining "dangerous building" and setting out the procedure to determine whether a building is dangerous). In October 2013, the City sent a notice that it would demolish the buildings by February 2014.

1707 New York purchased the apartments at foreclosure in January 2014, hoping to stop the demolition and rehabilitate the buildings. After a protracted legal battle with the City over the buildings, 1707 New York filed the underlying suit.[2] The City filed a plea to the jurisdiction, which was granted. 1707 New York appealed the order dismissing its suit. That appeal is currently pending before this court.[3] 1707 New York then filed its petition for writ of injunction and its motion for emergency relief.

---

[2]On February 7, 2014, 1707 New York obtained a temporary restraining order prohibiting the City from demolishing the building and ordering 1707 New York to post a $2,000 bond.

[3]The cause number of the appeal is No. 02-14-00259-CV.

**Discussion**

1707 New York requests that we grant an injunction prohibiting the City from demolishing the buildings that are the subject of the underlying appeal. An appellate court may issue all writs necessary to protect its own jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West 2004); *see EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding). The City argues that our jurisdiction over the appeal is not threatened by the demolition of the apartments because 1707 New York seeks monetary damages in addition to its claim for injunctive relief. Thus, even if the buildings were destroyed, one cause of action still remains. The City does not argue that the destruction of the buildings does not moot 1707 New York's cause of action for injunctive relief, and we fail to see how it could not. And if an issue on appeal becomes moot, we lose subject matter jurisdiction over it. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (stating that courts have no jurisdiction over mooted controversies because they cannot issue advisory opinions); *see also In re M.R.J.M.*, 280 S.W.3d 494, 500 (Tex. App.—Fort Worth 2009, no pet.) (declining to address mooted issues but addressing remaining issues). Thus, demolition of the apartment buildings would interfere with this court's subject matter jurisdiction in the underlying appeal by rendering at least one issue moot. Injunctive relief is therefore proper. *See In re Teague,* No. 02-06-00033-CV, 2006 WL 302123, at *2–3 (Tex. App.—Fort Worth Feb. 6, 2006, orig. proceeding).

3

**Conclusion**

Having determined that relief is proper in these circumstances, we grant the relief requested in 1707 New York's petition for writ of injunction. We therefore ORDER: the $2,000 bond ordered in the February 7, 2014 temporary restraining order will remain in effect during the pendency of the appeal. Until this court has determined the appeal, or until otherwise ordered by this court, the City is restrained from demolishing the apartment buildings known as La Joya Arlington Apartments and located at 1707 and 1708 New York Avenue, Arlington, Tarrant County, Texas. A writ of injunction will issue only if the City fails to comply with the order of the court set forth in this opinion.

PER CURIAM

PANEL: GABRIEL, MCCOY, and MEIER, JJ.

DELIVERED: October 2, 2014