05-15-01462-cv

ACCEPTED
05-15-01462-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
12/1/2015 3:20:15 PM
LISA MATZ
CLERK

NO. _____

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS

12/1/2015 3:20:15 PM

LISA MATZ
Clerk

IN THE

FIFTH COURT OF APPEALS

DALLAS, TEXAS

COUNTY COURT AT LAW NO. 3

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

12/1/2015 3:20:15 PM

LISA MATZ
Clerk

In Re Daniel Pearson

Original Proceeding From the County Court at Law No. 3 of Dallas County, Texas

PETITION FOR WRIT OF INJUNCTION

Kathy Roux
Law Office of Kathy Roux
P. O. Box 1701
Grapevine, TX  76099
Tel.:  (817) 874-8877
Fax:  (877) 878-5884
Email:  kathy@kathyrouxlaw.com
Texas State Bar Number 24054141
ATTORNEY FOR RELATOR

ORAL ARGUMENT REQUESTED

NO. _____

IN THE

FIFTH COURT OF APPEALS

DALLAS, TEXAS

COUNTY COURT AT LAW NO. 3

In Re Daniel Pearson

Original Proceeding From the County Court at Law No. 3 of Dallas County, Texas

PETITION FOR WRIT OF INJUNCTION

Kathy Roux
Law Office of Kathy Roux
P. O. Box 1701
Grapevine, TX 76099
Tel.: (817) 874-8877
Fax: (877) 878-5884
Email: kathy@kathyrouxlaw.com
Texas State Bar Number 24054141
ATTORNEY FOR RELATOR

ORAL ARGUMENT REQUESTED

The following is a complete list of all parties, as well as the names and addresses of all counsel.

PARTIES                                    COUNSEL

Relator:

Daniel Pearson                             Kathy Roux
                                           P. O. Box 1701
                                           Grapevine, TX  76099


Respondent:

Joseph Kemp, As Administrator of the Estate    Zachary Johnson
of Lou Bertha Brooks, Deceased             500 N. Akard Street, Suite 2150
                                           Dallas, Texas  75201-3302


Real Party in Interest:

Sharunda King                              Pro Se

Jastasia King                              Pro Se

Occupants                                  Pro Se

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................................. ii

INDEX OF AUTHORITIES.................................................................................................... iv

STATEMENT OF THE CASE.................................................................................................v

STATEMENT OF JURISDICTION........................................................................................ vi

ISSUES PRESENTED............................................................................................................ vi

STATEMENT OF FACTS ........................................................................................................1

ARGUMENT AND AUTHORITIES.........................................................................................1

PRAYER..................................................................................................................................3

CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 52.3(j)...................................4

CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i)....................................4

CERTIFICATE OF SERVICE ..................................................................................................4

APPENDIX...............................................................................................................................5

      A - Trial court's final judgment signed November 20, 2015.................................................5

      B - Daniel Pearson's Notice of Appeal.............................................................................9

      C - Joseph Kemp's Request for Writ of Possession filed November 30, 2015 .................12

      D – *Pace v. McEwen*, 604 S.W.2d 231 (Tex.Civ.App.-San Antonio 1980)......................14

# INDEX OF AUTHORITIES

CASES Page

*Baptist Med. Ctr. V. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000)............................................3

*Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 812-813
(Tex.App.—Houston [14th District] 2014, no pet.)...........................................................1, 2

*EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425 (Tex.App.-Fort Worth 1987) ...........................3

*In Re Gruebel*, 153 S.W.3d 686 (Tex.App.-Tyler 2005) ......................................................3

*Kemper v. Stonegate Manor Apartments Ltd.*, 29 S.W.3d 362, 363
(Tex.App.—Beaumont 2000, pet. dism'd w.o.j.) ...................................................................2

*Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ.App.-Dallas 1931, writ ref'd)..............2

*Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782 (Tex.2006). .......2

*Pace v. McEwen*, 604 S.W.2d 231 (Tex.Civ.App.-San Antonio 1980).............................2, 3

*Wilhelm v. Fed. Nat'l Mortgage Ass'n.*, 349 S.W.3d 766, 768-769
(Tex.App.—Houston [14th District] 2011, no pet.)...............................................................2


TEXAS CONSTITUTION, STATUTES, AND RULES

Texas Government Code §22.221........................................................................ vi, 3

Texas Rules of Appellate Procedure 9.4...................................................................4

Texas Rules of Appellate Procedure 52 ................................................................. vi

Texas Rules of Appellate Procedure 52.3 .................................................................4

## STATEMENT OF THE CASE

On August 31, 2015, respondent Joseph Kemp, as Administrator of the Estate of Lou Bertha Brooks, Deceased, filed a *Sworn Complaint for Eviction* against Relator Daniel Pearson, naming him Daniel King, and Parties in Interest Sharunda King, Jastasia King and Occupants in the Justice of the Peace Court, Precinct 1, Place 1, Dallas, Dallas County, Texas to obtain possession of the real property located at 1914 Argyle Avenue, Dallas, Dallas County, Texas.

In response to said complaint, Relator Daniel Pearson filed *Special Exceptions, Objections and Answer*. The parties in interest Sharunda King, Jastasia King and Occupants did not appear nor file an answer.

On September 11, 2015, at the hearing on this matter, a judgment was rendered against relator Daniel Pearson and parties in interest Sharunda King, Jastasia King and Occupants granting respondent Joseph Kemp the premises, rent owing in the sum of $.00, attorney fees in the sum of $.00, interest on said judgment from this date at 5.00% per annum, and all costs of court in the amount of $296.00.

On September 14, 2015, relator Daniel Pearson filed a de novo appeal and deposited a cash bond in the amount of $500.00 with the justice of the peace clerk. This matter was docketed with the Dallas County Clerk, assigned to Dallas County Court at Law No. 3, and set for hearing on November 6, 2015. Counsel for relator and respondent agreed to a continuance which was granted by the court, and this matter was reset for hearing on November 20, 2015.

At the hearing of this matter on November 20, 2015, judgment was rendered for Joseph Kemp, granting him a writ of possession and costs of court. On November 27, 2015, relator filed a Notice of Appeal. On November 30, 2015, respondent filed a request for a writ of possession. On November 30, 2015, relator filed a Motion to Set Amount Required to Supersede Judgment, which was rejected for deficiencies. On November 30, 2015, relator filed a file-stamped copy of

v

the *Notice of Appeal* with the clerk of court for the Fifth Court of Appeal, Dallas, Texas. On December 1, 2015, relator filed this *Writ of Injunction* and *Motion for Emergency Relief.*

## STATEMENT OF JURISDICTION

This court has jurisdiction over this petition for writ of mandamus under Section 22.221(b) of the Texas Government Code and Texas Rules of Appellate Procedure 52.

## ISSUES PRESENTED

### Issue Number One

May the Fifth Court of Appeal grant relator a writ of injunction in order to prevent the execution of the judgment rendered by the Dallas County Court at Law No. 3 that grants respondent possession of the real property located at 1914 Argyle Avenue, Dallas, Dallas County, Texas in order to preserve its jurisdiction over said real property, whether or not supersedeas is available to the appellant?

## STATEMENT OF FACTS

This case was docketed as a de novo appeal of a judgment of eviction rendered by the Justice of the Peace Court, Precinct 1, Place 1, Dallas, Dallas County, Texas. On November 20, 2015, this matter was heard by the Dallas County Court at Law Number 3. The court rendered a final judgment against relator granting respondent a writ of possession for the real property located at 1914 Argyle Avenue, Dallas, Dallas County, Texas, and for costs of court.

On November 27, 2015, relator filed a *Notice of Appeal* with the Dallas County Clerk to appeal the final judgment rendered on November 20, 2015. On November 30, 2015, respondent filed a *Writ of Possession* with the Dallas County Clerk. On November 30, 2015, relator filed a *Motion to Set Amount Required to Supersede Judgment* which was rejected for deficiencies. On November 30, 2015, relator filed a file-stamped copy of the *Notice of Appeal* with the clerk of court for the Fifth Court of Appeal, Dallas, Texas. On December 1, 2015, relator filed this *Writ of Injunction* and *Motion for Emergency Relief.*

## ARGUMENT AND AUTHORITIES

Relator's application for injunctive relief in this Court concerns the jurisdiction of this court being threatened by respondent's enforcement of the judgment rendered on November 20, 2015 by filing a request for a writ of possession. Should respondent obtain a writ of possession, and it is highly likely that he will, then such writ will remain enforceable during relator's appeal. It is also highly likely that respondent will pursue a writ of execution to have relator removed from the premises. Because respondent is proceeding to enforce the judgment, relator is at risk of losing possession by enforcement of the writ of possession. If relator loses any right to possession of the premises, his appeal becomes moot as to that issue. *Briones v. Brazos Bend*

1

*Villa Apts.*, 438 S.W.3d 808, 812-813 (Tex.App.—Houston [14th District] 2014, no pet.) (when supersedeas bond not posted and writ of possession is executed in favor of landlord, action is moot as to issue of possession because tenant no longer has claim to possession of property). *See also Wilhelm v. Fed. Nat'l Mortgage Ass'n.*, 349 S.W.3d 766, 768-769 (Tex.App.—Houston [14th District] 2011, no pet.); *Kemper v. Stonegate Manor Apartments Ltd.*, 29 S.W.3d 362, 363 (Tex.App.—Beaumont 2000, pet. dism'd w.o.j.), overruled on other grounds; *Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782 (Tex.2006).

"This court's power to grant temporary injunctions flows from the provisions of Article 1823, and the power granted by that statute is limited to the purpose of protecting our jurisdiction." *Pace v. McEwen*, 604 S.W.2d at 233 citing *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex.Civ.App.-Dallas 1931, writ ref'd).

Relying on Texas Government Code § 22.221 and prior jurisprudence, the court in *Pace* clearly determined that a reviewing court may grant an injunction preventing the disposition of property in order to preserve its jurisdiction over the property, and that the reviewing court has this power whether or not supersedeas is available to the respondent. The *Pace* court further reasoned that

> [s]ince we issue injunctions only for that limited purpose and not for the purpose of protecting a litigant, our exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him. Once our jurisdiction is threatened, our right to preserve and protect it cannot depend on the adequacy of legal remedies which would be available to the litigant but which are not available to us. Whether our jurisdiction will be preserved or destroyed cannot be left to the whim of a litigant this Court cannot file a supersedeas bond to prevent the destruction of our jurisdiction, nor can this Court order an unwilling litigant to file such a bond.

*Pace* at 233.

2

In so reasoning, the *Pace* court granted relator's application for injunction, pending disposition of the appeal from the lower court's order.

"It is well settled that an appellate court is authorized to protect is jurisdiction by preserving the subject matter of the appeal in order to make its decrees effective." *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex.App.—Fort Worth 1987).

The court in *In re Gruebel* reasoned that "[a] court of appeals is authorized to issue all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. §22.221(a) (Vernon 2004). If an appeal pending before this Court becomes moot, we lose jurisdiction over it. *See Valley Baptist Med. Ctr. V. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000). Consequently, we may issue a writ of injunction to preserve the subject matter of a case pending appeal and to prevent the appeal from becoming moot. *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex.App.—Fort Worth 1987)." *In re Gruebel*, 153 S.W.3d 686 (Tex.App.—Tyler 2005).

PRAYER

For these reasons, Daniel Pearson, Relator, requests that this Court grant relator's application for injunction pending disposition of the appeal from the lower court's order of November 20, 2015.

Date: December 1, 2015

_s/ Kathy Roux_

Kathy Roux
Attorney for Relator Daniel Pearson

3

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 52.3(j)

This certifies that the undersigned has reviewed this Petition and concluded that every factual statement in it is supported by competent evidence included in the appendix or record, as required by Appellate Rule 52.3(j).

Date: December 1, 2015          _s/ Kathy Roux_

                                        Kathy Roux
                                        Attorney for Relator Daniel Pearson

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 9.4(i)

I certify that this document contains less than 15,000 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, as provided by Appellate Rule 9.4(i).

Date: December 1, 2015          _s/ Kathy Roux_

                                        Kathy Roux
                                        Attorney for Relator Daniel Pearson

## CERTIFICATE OF SERVICE

This certifies that the undersigned served this _Petition for Writ of Injunction_ on Joseph Kemp, Respondent, by sending it to lead counsel for Respondent, Zachary Johnson, at 500 N. Akard Street, Suite 2150, Dallas, Texas 75201-3302, and served it on Sharunda King and Jastasia King and Occupants, Real Parties in Interest, by sending it by U.S. First Class Mail, postage prepaid on December 1, 2015.

                                      _s/ Kathy Roux_

                                        Kathy Roux
                                        Attorney for Relator Daniel Pearson

# APPENDIX A



**JOHN F. WARREN**
**Dallas County Clerk**
**George Allen Sr. Court Bldg.**
**600 Commerce St, Ste 101**
**Dallas, Texas 75202-3551**

STATE OF TEXAS

COUNTY OF DALLAS

I, John F. Warren, Clerk of the County Court of Dallas County Court at Law No. 3, Dallas County, Texas do hereby certify that the foregoing is a true and correct copy of document in Cause No. CC-15-05015-C.

JOSEPH KEMP AS ADMINISTRATOR O ESTATE OF LOU BERTHA BROOKS, DECEASED, **PLAINTIFF (S)**

**VS**

SHARUNDA KING; JASTASIA KING; DANIEL PEARSON, **DEFENDANT (S)**

**JUDGMENT**, filed on 20th day of November, 2015 in the Dallas County Court at Law No. 3, Dallas County, Texas.

**WITNESS MY HAND AND SEAL** of said Court this 20th day of November, 2015.

John F. Warren, County Clerk

By: _____

Gwendolyn Thomas, Deputy



| | | |
|---|---|---|
| JOSEPH KEMP, AS ADMINISTRATOR OF THE ESTATE OF LOU BERTHA BROOKS, DECEASED<br>*Plaintiff* | §<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT AT LAW |
| v. | §<br>§ | NO. THREE OF |
| DANIEL PEARSON, SHARUNDA KING, JASTASIA KING AND ALL OTHER OCCUPANTS<br>*Defendants* | §<br>§<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

## JUDGMENT

On this date, trial was held in this cause. The Parties were properly served with notice of Trial. Plaintiff, ~~Joseph Kemp as Administrator of the Estate of Lou Bertha Brooks, Deceased, "Administrators"~~ appearing through its counsel of record, announced ready for trial. Defendant *and appeared through his counsel of record.* Daniel Pearson personally appeared/~~failed to appear~~, Defendant Sharunda King personally ~~appeared~~/failed to appear, Defendant Jastasia King personally ~~appeared~~/failed to appear and the Court proceeded to hear the case and enter Judgment in favor of the Plaintiff as set forth below.

The Court finds that Lou Bertha Brooks, deceased, was the sole owner of the property located at 1914 Argyle Avenue, Dallas, Texas 75203, "property." The Court finds that her estate is currently being probated in Probate Court #2, Dallas County, Texas, Cause # PR-13-1790-2. The Court further finds that Joseph Kemp is the Administrator of the Estate of Lou Bertha Brooks, Deceased and that the Property has been ordered to be sold by Order entered in the Probate proceeding on May 12, 2015. The Court further finds that the Defendants were properly served with Notice to Vacate and that the Estate of Lou Bertha Brooks, deceased, is entitled to possession through the Administrator.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

CC-15-05015-C
COJ
ORDER - JUDGMENT
963975



**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** that Plaintiff Joseph Kemp, as Administrator of the Estate of Lou Bertha Brooks, Deceased, have judgment against Defendants Daniel Pearson, Sharunda King, Jastasia King and all occupants for:

1. A writ of possession granting Plaintiff possession of the premises located at 1914 Argyle Avenue, Dallas, Texas 75203; and

4. All costs of court.

for which execution shall issue.

This *Judgment* is final and disposes of all claims and parties.

**SIGNED AND ORDERED** this 20 day of *November*, 2015.

Sally Montgomery, Judge
of the County Court at Law, No. Three
of Dallas County, Texas

JUDGMENT – ~~Sole Page~~

Page 2 of 2



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

8

# APPENDIX B

CAUSE NO. CC-15-05015-C

| | | |
|---|---|---|
| JOSEPH KEMP, AS ADMINISTRATOR OF THE ESTATE OF LOU BERTHA BROOKS, DECEASED, **Plaintiff** | § § § § § | IN THE COUNTY COURT AT LAW |
| v. | § § | NUMBER 3 FOR |
| DANIEL PEARSON, SHARUNDA KING, JASTASIA KING AND ALL OTHER OCCUPANTS **Defendants** | § § § § § | DALLAS COUNTY, TEXAS |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF THIS COURT:

Pursuant to Rule 25.1 of the Texas Rules of Appellate Procedure, DANIEL PEARSON, who is a defendant to JOSEPH KEMP's *Sworn Complaint for Eviction,* filed on August 31, 2015, gives notice of his appeal to the Fifth Court of Appeals for the Dallas County Court at Law Number 3, sitting at Dallas, Dallas County, Texas, from the *Judgment* rendered by said Court in the above-entitled and numbered cause on November 20, 2015, granting a writ of possession of the premises located at 1914 Argyle Avenue, Dallas, Texas 75203 and all costs of court to plaintiff JOSEPH KEMP, as Administrator of the Estate of Lou Bertha Brooks, Deceased.

Dated: November 27, 2015

Respectfully submitted,

*s/ Kathy E. Roux*

Kathy E. Roux, TBN 24054141
P. O. Box 1701
Grapevine, TX 76099
Tel.: (817) 874-8877
Fax: (817) 878-5884
Email: kathy@kathyrouxlaw.com
Attorney for Daniel Pearson

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of November, 2015, a true and correct copy of the foregoing instrument titled *Notice of Appeal* was served in accordance with the Texas Rules of Civil Procedure to the following:

Zachary E. Johnson
500 N. Akard Street, Suite 2150
Dallas, Texas  75201-3302
Email: zach@spencerlawpc.com
Tel.: (214) 965-9999
Fax: (214) 965-9500

Jastasia King
1914 Argyle Avenue
Dallas, TX  75203

Sharunda King
1914 Argyle Avenue
Dallas, TX  75203

Occupants
1914 Argyle Avenue
Dallas, TX  75203

*s/ Kathy E. Roux*
Kathy E. Roux

# APPENDIX C



JOHN F WARREN
DALLAS COUNTY CLERK
GEORGE ALLEN SR COURTS BLDG
600 COMMERCE ST, STE 101
DALLAS, TEXAS 75202

**REQUEST FOR: WRIT OF EXECUTIONS / ABSTRACTS OF JUDGMENTS**
**ORDER OF SALE AND WRITS OF POSSESSION**

**\*CERTIFIED COPIES – ON OPEN CASE ONLY**

Date: 11-23-15

Case Number: CC-15-05015-C

Style: Joseph Kemp, as Administrator of the Estate of Lou Bertha Brooks, Deceased, Plaintiff v. Daniel Pearson, Sharunda King, Jastasiaking and all other occupants, Defendants

Party to be served: Daniel Pearson

Address to be served: 1914 Argyle Avenue Dallas, Texas 75203

**Please issue:**

Writ of Execution        Serve by: ___ Constable or ___ Sheriff        Mail Back: _____
                          ($5 Plus $150)                                ($5 for issuance)

Write of Possession      Serve by: ✓ Constable or ___ Sheriff          Mail Back: _____
                          ($5 Plus $170)                                ($5 for issuance)

Order of Sale            Serve by: ___ Constable or ___ Sheriff        Mail Back: _____
                          ($5 Plus $150)                                ($5 for issuance)

Abstract of Judgment     Forward to Recording: _____                   Mail Back: _____
                          ** ($5 Plus $26 Recording Fee)               ($5 for issuance)

**Additional information**

**Recording the Abstract** Submit a Separate check for the amount of **($26.00)** make payable to:
**John Warren County Clerk**

**Mailed to:**      John Warren, County Clerk
                    Dallas County Recording Division
                    509 Main 2nd Floor Records Building
                    Dallas, Texas 75202

**Certified Copies – Pending cases** are $5.00 for the first page, then $1.00 per page every page after and pay for
it through e-filing.

**If it is a Closed Case please make a check made payable to: John Warren County Clerk.**

**Mailed to:**      Dallas County Central Records
                    George Allen Senior Courts Building
                    600 Commerce St. Floor B1
                    Dallas, Texas 75202

Requested by: Zachary E. Johnson Phone number: 214 965-9999
(Attorney), Plaintiff or Defendant)

Attorney Address: 500 N. Akard St. #2150

Attorney City: Dallas

State and Zip Code: Texas 75201

13

# APPENDIX D

PACE v. MCEWEN, 604 S.W.2d 231 (Tex.Civ.App.-San Antonio 1980)

604 S.W.2d 231

Joe Dudley PACE, Movant, v. John J. McEWEN, Jr., Respondent.

No. 16573.

Court of Civil Appeals of Texas, San Antonio.

June 20, 1980.

Richard G. Strong, Casseb, Leon, Rodgers, Strong & Pearl, San Antonio, Jeffrey A. Davis, Reynolds, Allen & Cook, Houston, for movant.

Pat Maloney, Jack Pasqual, George LeGrand, San Antonio, for respondent.

**Page 232**

OPINION

CADENA, Chief Justice.

Relator, Joe Dudley Pace, has filed this original application for injunction to stay the enforcement of an order entered by a Bexar County district court on June 9, 1980, pending disposition of relator's appeal from such order.

In 1977 respondent, John J. McEwen, Jr., obtained a money judgment against relator which has not been satisfied. Respondent, after the 1977 judgment had become final, filed, in that same case, a "Motion in the Nature of a Bill of Discovery and Motion for Declaratory Relief." In this proceeding respondent sought judgment allowing respondent to execute upon real estate located in Harris County, legal title to which is in relator, in satisfaction of the 1977 judgment; and a declaration that equitable title to such land lies in the estate of respondent's testatrix. The motion also contained a prayer for general relief.

The June 9, 1980, judgment, from which relator has perfected his appeal, declares that the Harris County land is not the homestead of relator and not exempt from forced sale or execution. The judgment orders relator to turn over such property to the Sheriff of Harris County and orders that sheriff to sell the property to the highest bidder according to the laws and procedures provided for executions. Finally, the judgment decrees that relator shall turn over said land to the sheriff not later than 12:00 o'clock noon on June 19, 1980, and that should relator fail to do so, the court "shall enforce this order by proceedings for contempt or otherwise in case of refusal or disobedience, all as provided by Tex.Rev.Civ.Stat.Ann. art. 3827(a) (3827a)."

Relator's application for injunctive relief in this Court concerns only that portion of the June 9, 1980, judgment which orders him to turn the property over to the Sheriff of Harris County no later than noon, June 19, 1980.

Whether the judgment entered below is one which the trial court had authority to enter under the statute referred to in the judgment is a question which is not now before us, nor are

15

we at this time called on to determine whether the relief sought by respondent's motion "in the nature of a bill of discovery" is available under that statute or under other rules relating to discovery.

Article 1823, Tex.Rev.Civ.Stat.Ann. (Vernon 1964), gives this Court the power to issue such writs as may be required to protect and preserve its jurisdiction. We agree with relator that unless injunctive relief is now granted, he will be forced to comply with that portion of the judgment requiring him to turn his property over to the sheriff for sale at execution, and any opinion we might subsequently render as to the validity of that portion of the judgment would be meaningless.

Respondent urges that under Rule 364, Tex.R.Civ.P. (1977), relator had the right to prevent any portion of the judgment below by filing a supersedeas bond. We are in agreement with this statement, but we do not agree that this Court is deprived of the power to issue the relief sought by relator because Rule 364 affords relator an adequate remedy at law.

In Burch v. Johnson, **445 S.W.2d 631**, 632 (Tex.Civ.App.-El Paso 1969, no writ), the Court, in a per curiam opinion, said:

> Both injunction and prohibition do not lie where there is an adequate remedy through the ordinary channels of procedure. It is clear that Rule 364 . . . affords the relator the right to suspend the judgment against it by giving the supersedeas bond . . . . thus staying (enforcement of the judgment). Having a complete provisional remedy at law, the relators are not entitled to the relief sought.

A similar holding was made in Dallas Bank & Trust Co. v. Thompson, **78 S.W.2d 740** (Tex.Civ.App.-Dallas 1935, no writ).

In Landrum v. Centennial Rural High School Dist., **146 S.W.2d 799** (Tex.Civ.App.-Austin 1940, writ dism'd judgmt. cor.), the Court pointed out that a party wishing to prevent enforcement of a judgment from which he has perfected an appeal had two remedies available: "First, to obtain pending
**Page 233**
the appeal a temporary injunction . . . Art. 1823, R.S. 1925. Second, appellants could have superseded the judgment of the trial court . . . ." 146 S.W.2d at 801.

The rule which respondent seeks to apply has undoubted application in cases where the purpose of the injunction is to protect the rights of a litigant. This court has no power to grant a temporary injunction to prevent damage to an appellant. That power is vested exclusively in trial courts. Our power to issue injunctions flows from the provisions of Article 1823, and the power granted by that statute is limited to the purpose of protecting our jurisdiction. See Madison v. Martinez, **42 S.W.2d 84**, 86 (Tex.Civ.App.-Dallas 1931, writ ref'd). Since we issue injunctions only for that limited purpose and not for the purpose of protecting a litigant, our exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him. Once our jurisdiction is threatened, our right to preserve and protect it cannot depend on the adequacy of legal remedies which would be available to the litigant but which are not available to us. Whether our jurisdiction will be preserved or destroyed cannot be left to the whim of a litigant this Court cannot file a supersedeas bond to prevent the destruction of our jurisdiction, nor can this Court order

an unwilling litigant to file such a bond. To hold that the availability of supersedeas to a litigant in any way affects the power granted to this Court to protect its jurisdiction is to ignore the reason for the grant of power and the purpose to be served by its exercise.

We decline to follow Burch and Dallas Bank & Trust Co.

Relator's application for injunction, pending disposition of the appeal from the order of June 9, 1980, is granted.

MURRAY, Justice, dissenting.

I dissent. The record in this case shows that the relator has made no attempt to suspend any portion of the judgment below by the execution of a supersedeas bond. Tex.R.Civ.P. 364 has application to judgment such as the one under consideration here. In this case I would follow the reasoning in Burch v. Johnson, **445 S.W.2d 631** (Tex.Civ.App.-El Paso 1969, no writ), and deny the injunction.