**Denied and Opinion Filed June 14, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00691-CV

## IN RE CHRIS CARTER AND KAREN ANN PIERONI, Relators

**Original Proceeding from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-07054**

## MEMORANDUM OPINION
Before Justices Whitehill, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Relators first seek a writ of mandamus addressing the trial court's denial of their temporary injunction. To be entitled to mandamus relief, a party must have no clear and adequate remedy by appeal, among other things. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Here, there is a specific remedy by interlocutory appeal when a trial court "grants or refuses a temporary injunction." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). We must deny mandamus relief. *See Walker*, 827 S.W.2d at 840; TEX. R. APP. P. 52.8(a).

Relators also seek a writ of injunction. We courts of appeals have limited injunctive powers, and "may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE § 22.221(a). We have no original jurisdiction to grant writs of injunction, except to protect our jurisdiction over the subject matter of a pending appeal or to prevent an unlawful interference with the enforcement of our judgments and decrees. *See Ott v. Bell*, 606 S.W.2d 955, 957 (Tex. Civ. App.—Waco 1980, no writ). An injunction will not lie in

the courts of appeals merely to preserve the status quo pending appeal or to prevent damage to an appellant. *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding); *accord In re Dahlheimer*, No. 05-17-00556-CV, 2017 WL 2472842, at *1 (Tex. App.—Dallas June 8, 2017, orig. proceeding) (mem. op.); *In re Smith*, No. 10-03-390-CV, 2004 WL 254079, at *1 (Tex. App.—Waco Feb. 11, 2004, no pet.) (mem. op.) (quoting *Parsons v. Galveston County Employees Credit Union*, 576 S.W.2d 99, 99-100 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ)).

There is no appeal currently filed from the trial court's denial of the temporary injunction, though there could be. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). Thus, we are in the status of "pending" appeal. Until a party has properly invoked our jurisdiction by notice of appeal such that we have jurisdiction to enforce, we may not grant this writ of injunction. *See EMW Mfg. Co.*, 724 S.W.2d at 426; *see also In re Williams*, No. 02-13-00087-CV, 2013 WL 1437253, at *3 (Tex. App.—Fort Worth Apr. 8, 2013, orig. proceeding) (mem. op.). We deny the writ of injunction at this time.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

190691F.P05