

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00313-CV

IN RE TIMOTHY CASTLEMAN
AND CASTLEMAN CONSULTING, LLC, RELATORS

ORIGINAL PROCEEDING FOR WRIT OF INJUNCTION

December 22, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER, and DOSS, JJ.

Pending before the court is the appeal of Timothy Castleman and Castleman Consulting, LLC, (Castleman) assigned cause number 07-20-00312-CV and styled *Timothy Castleman and Castleman Consulting, LLC v. Internet Money Limited, d/b/a The Offline Assistant and Kevin O'Connor, Individually*. As illustrated by the notice in that cause, Castleman appeals the trial court's final summary judgment in favor of Internet Money. Via that final judgment, the trial court not only denied Castleman's bill of review but also, implicitly, its request for permanent injunctive relief. Also pending before us is this related original proceeding assigned cause number 07-20-00313-CV. Through it, Castleman petitions for a writ of injunction and prohibition to stop the enforcement of

default judgments made subject of the aforementioned bill of review. Castleman asks us to bar Internet Money's attempt to enforce the default judgments. Apparently, efforts of Internet Money Ltd, and Kevin O'Connor to do so have resulted in the issuance of a writ of garnishment against City Bank and a levy upon and pending sheriff's sale of Castleman property. We deny the petition for writ of injunction.

Courts of appeals may issue writs of injunction only to preserve their jurisdiction over a matter. *In re Carter,* No. 05-19-00691-CV, 2019 Tex. App. LEXIS 4953, at \*1–2 (Tex. App.—Dallas June 14, 2019, orig. proceeding) (mem. op.); *EMW Mfg. Co. v. Lemons,* 724 S.W.2d 425, 426 (Tex. App.—Fort Worth 1987, orig. proceeding). They lack the authority to issue them to preserve the status quo pending appeal or to prevent damage to an appellant. *See In re Carter*, 2019 Tex. App. LEXIS, 4953, at \*1–2; *EMW Mfg. Co.,* 724 S.W.2d at 426; *see also Castleman v. Internet Money Ltd.*, No. 07-16-00320-CV, 2016 Tex. App. LEXIS 13149 (Tex. App.—Amarillo Dec. 9, 2016, orig. proceeding) (per curiam) (mem. op.) (refusing to issue an injunction to protect a litigant from "'fear, anxiety, and harassment'" because that was not within the jurisdictional grant of Texas Rule of Appellate Procedure 52.1 *et seq.* or § 22.221 of the Texas Government Code).

Indeed, *EMW* concerned a situation quite analogous to that at bar. A default judgment was entered against EMW, which entity petitioned to negate it via a bill of review. Upon the bill being denied, EMW appealed and also sought from the Fort Worth Court of Appeals a temporary injunction enjoining execution upon the default judgment. In denying injunctive relief, the reviewing court made several observations. The first was that the trial court holds exclusive authority to grant a temporary writ of injunction

preventing damages which would flow to a litigant who has an appeal pending. *EMW Mfg. Co.*, 724 S.W.2d at 426. Then, it said that where the matter on appeal is the denial of a petition for bill of review, the subject matter of the appeal is the propriety of denying the bill of review; the property subject to execution if the underlying default judgment were enforced is not. *Id.* at 427. Consequently, an original petition to bar execution of the judgment which is the subject of the bill of review should be denied. *Id.*

Just like EMW, Castleman perfected an appeal from an order denying a petition for bill of review. The subject of that bill was a default judgment, just as it was in *EMW*. Like EMW, Castleman also sought an injunction from the reviewing court barring execution upon the default judgments pending appeal. Those similarities bring our situation into the throes of *EMW.*

Castleman attempts to distinguish *EMW*, though. It does so by asserting that it sought both a bill of review and permanent injunctive relief from the trial court. Because the trial court denied the bill, and implicitly denied the injunctive relief, then both issues purportedly comprise the appeal's subject matter. We find the argument akin to putting a dress on a chimp; it may look cute but, underneath, it still is a chimp. Castleman's request for permanent injunctive relief was limited to simply averring: "[f]or the same reasons set forth above, Petitioners further request the Court to issue a permanent injunction after the trial on the merits of their Petition for Bill of Review." Preceding it, though, was explanation why temporary injunctive relief was needed to maintain the status quo. So, the phrase "for the same reasons set forth above" appear to refer to preserving the status quo until the controversy is settled. But, that is the very thing we lack the authority to do, i.e., generally preserving the status quo during appeal. Moreover,

3

Castleman alleged nothing about needing permanent relief if the bill were denied. Nor did it aver why a permanent injunction was necessary if the bill were granted; indeed, granting the bill in and of itself would effectively vitiate Internet Money's ability to enforce the default judgments because there would be no judgments to enforce.[1] So, Castleman's argument is a dress on a chimp. The substance of Castleman's appeal remains the default judgments and whether the trial court erred in denying the bill of review initiated to nullify them.

Again, the power to grant a temporary injunction to prevent damages which may flow to a litigant pending disposition of its appeal rests exclusively with the district judge. *In re Dahlheimer*, No. 05-17-00556-CV, 2017 Tex. App. LEXIS 5289, at *2 (Tex. App.—Dallas June 8, 2017, orig. proceeding) (mem. op.); *EMW Mfg. Co.*, 724 S.W.2d at 426. Accordingly, we deny Castleman's petition for a writ of injunction pending disposition of the appeal in 07-20-00312-CV.

Per Curiam

---

[1] Of further note is the absence of City Bank and the Lubbock County Sheriff as parties to the bill of review and its accompanying request for injunctive relief. They were two entities caught within the enforcement efforts undertaken by Internet Money. The former is a party to a garnishment proceeding, while the latter levied upon and attempted to complete an execution sale of Castleman property. One would think that they would be necessary parties to an action aimed at stopping those collection efforts. *See McCanless v. Gray*, 153 S.W. 174, 176 (Tex. Civ. App.—Amarillo 1912, no writ) (stating that, since the process in the Sheriff's "hands was an execution and not an order of sale, he was exercising a certain degree of discretion in levying upon the particular property in question, and since, in the exercise of his discretion, the levy had been made upon homestead property, he was a necessary party to the injunction proceedings" initiated to stop the sale).